## ALBERT D. DRURY *vs.* CHARLES HOWARD POOR.

Suffolk.   May 10, 1932. — October 27, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Equity Jurisdiction,* Accounting, Statute of limitations, Laches.   *Limita-*
*tions, Statute of.    Attorney at Law.    Trust,* What constitutes.   *Equity*
*Pleading and Practice,* Bill.

Where the bill in a suit in equity for an accounting disclosed that the
transactions in question occurred more than thirty-five years before
the suit was commenced, and contained nothing to show that the
plaintiff, during the whole of such period, had not known of the cir-
cumstances of the transactions or that he had been induced to delay
the suit, it was *held,* that the bill was demurrable in that it showed
on its face that the suit was barred by the statute of limitations and
by laches.

Allegations in the bill above described that the plaintiff advanced the
money to purchase real estate, title to which was taken in the name
of a certain woman; that he knew that title was held for him; that
the defendant, an attorney at law, collected rents, paid bills, leased
tenements and generally "exercised those functions with reference
to the . . . real estate which are similar to that of a trustee," the
woman not being a party to the suit, showed that the only trust with
respect to such real estate was in the woman: the functions exercised
by the defendant did not constitute him a trustee of the real estate.

Further allegations in the bill above described, merely that, from time
to time during such period of more than thirty-five years, the defend-
ant, when requested to account, stated that he was protecting the
plaintiff's interests and would account in proper season, did not show
a sufficient excuse for the plaintiff's delay in commencing the suit.

BILL IN EQUITY, filed in the Superior Court on November
20, 1931, for an accounting.

*J. E. Angoff*, (*H. Sesnovich* with him,) for the plaintiff.

*A. F. Priest*, for the defendant.

WAIT, J. One who summons a defendant to make answer to a bill in equity must state in his bill facts essential to a cause of complaint; and if those facts took place in a past beyond the period of limitations established by statute, or so remote that the plaintiff apparently has slept upon the rights asserted, the bill must also state facts which show that the bar of the statutes of limitation has been removed, or that the long delay in taking legal proceedings is explained and excused. The defendant is entitled to know what facts are relied upon to support the alleged liability; and the court is entitled to know whether it has a duty to investigate them. Neither the individual defendant nor the public which maintains the courts should be put to expense and trouble unless the plaintiff makes clear that he has a right to demand it.

The plaintiff's bill sins against these principles. The demurrer properly was sustained and, on failure to amend, the decree dismissing the bill is without error. In its forty-seven paragraphs and nine printed pages, the bill alleges thirty-five transactions by the defendant which took place in the period between October 9, 1890, and March 20, 1896, and for which the plaintiff demands an accounting. It alleges that the defendant is an attorney at law who represented the plaintiff in legal matters, especially in real estate transactions from 1889 to about 1905, in which the plaintiff advanced the consideration in purchases of real estate and title was taken in the name of Deborah Drury, who adopted the plaintiff in 1892. It states that "the defendant exercised those functions with reference to the plaintiff's real estate which are similar to that of a trustee. The defendant collected rents, paid bills, leased tenements and from time to time rendered accounts to the plaintiff." It states further that Deborah Drury was aged, infirm and suffering from chronic illness. Deborah Drury is not made a party. The bill states no reason for failing to join her. With two exceptions she had part in the transactions for which accounting is demanded. The bill nowhere states

the interest of the plaintiff in the transactions, other than the general allegation that he furnished the consideration for the purchase of the land involved and knew that title was held for him. It charges that the defendant induced Deborah Drury to convey by false and fraudulent representations, but it sets out no facts constituting the representations alleged to be false or fraudulent. On two occasions in 1891 the defendant is charged with failing to account for notes placed with him for collection; and a charge is made that, in October of 1890, he retained as his own and failed to pay over part of an amount which had been placed with him to be paid to a third person. Nothing is alleged to show that the plaintiff had not known all the circumstances attending these three transactions during all the more than forty years before the bill was brought. There are no allegations of concealment and none of inducement to delay action. It is alleged that from time to time since 1889 when requested to account the defendant has stated that he was protecting the plaintiff's interest and caring for his matters and, in proper season, would account, and that in 1930 when a last demand was made informed the plaintiff that he would render a full and true account within a short time. We think such allegations not enough to account for over thirty-five years of delay in bringing suit.

The only trust appearing on the allegations of the bill with regard to real estate matters is in Deborah Drury. The collection of rents, payments of bills, leasing of tenements and rendering accounts by an attorney at law do not make out that he is a trustee of the real estate.

No definite rule can be stated with regard to the period of quiescence or the material facts which will constitute laches. Here, however, we find no allegations of facts which explain or extenuate the long period of inactivity by the plaintiff. The bill was demurrable for lack of sufficient allegations of fact to show any cause of action, or to meet the defences of limitation of action and of laches in instituting proceedings which are apparent on the face of the bill.

*Decrees affirmed.*