**TEXTILE BANKING COMPANY, Inc.,**
**Plaintiff,**

**v.**

**S. STARENSIER, INC., Defendant.**

**Civ. A. No. 64–180.**

United States District Court
D. Massachusetts.

Nov. 15, 1965.

Harold Brown, Boston, Mass., for plaintiff.

Charles F. Barrett, Nutter, McClennen & Fish, Boston, Mass., for defendant.

SWEENEY, District Judge.

In its original complaint the plaintiff alleges that it purchased certain accounts receivable of Garnor Coated Products, Inc. which arose from the sale and delivery of goods by Garnor to the defendant, S. Starensier, Inc., and that the defendant has not paid for the goods, and owes the plaintiff $34,640.35. The plaintiff now moves to add three new parties defendant and to file a substitute complaint.

The defendant does not object to the allowance of the motion as respects count 1 of the substitute complaint. As to count 1, the motion is, accordingly, allowed.

■ Count 2 is stated to be "a count in fraud and conspiracy to defraud." The objections to this based on the statute of limitations are overruled, as implied in count 2 is the allegation that the cause of action was fraudulently concealed. See M.G.L.A. c. 260 § 12.[1]

■■ The defendant also objects to count 2 on the grounds that it does not comply with various pleading requirements of the Federal Rules of Civil Procedure. Rule 9(b), F.R.Civ.P., 28 U.S.C., does require that "the circumstances constituting fraud * * * shall be stated with particularity," but the rule does not require the pleading of detailed evidentiary matter. Count 2 of the proposed complaint sets forth the content of the alleged misrepresentations, the period during which the representations were made, the facts misrepresented and an identification of what has been obtained. That is sufficient to comply with Rule 9(b), United States v. Hartmann, 2 F.R.D. 477 (D.C.Pa.1942).

■ Rule 10(b) provides that "each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth," and the defendant argues that in the interest of clarity the plaintiff should state its claim for conspiracy and its claim for fraud in separate counts. But the complaint is not as complicated as the defendant makes it appear. It is based on one factoring agreement and one series of transactions which arose under that agreement; and it gives the original defendant, as well as those to be added, fair and adequate notice of the nature and basis of the plaintiff's claims.

■ The objection that the plaintiff has unduly delayed and the defendant will be unduly prejudiced is not persuasive at this stage of the proceedings. The court is now deciding no more than that, on its face, the proposed complaint adequately sets forth valid claims for relief. In the absence of the relevant and necessary facts it cannot now decide the substantive questions of laches or limitations.

The motion for leave to add parties defendant and to file a substitute complaint is allowed.

1. Jurisdiction is invoked on the basis of diversity of citizenship and the parties appear to agree that the law of Massachusetts governs, at least, this aspect of the case.