HOWARD FRIEDMAN & another *vs.* WILLIAM J. JABLONSKI & others.[1]

Worcester.    September 14, 1976. — December 16, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Limitations, Statute of. Fraud,* Sale of real estate. *Pleading, Civil,* Fraud, Statute of limitations.

A cause of action for deceit in the sale of real estate accrued when a buyer learned or reasonably should have learned of the misrepresentation. [484-486]

A cause of action by purchasers of real estate against the seller for fraudulent misrepresentations with respect to a right of way providing access to the property, accrued at the time of the sale of the land. [486]

Where a complaint by the purchasers of real estate alleged that the seller made fraudulent misrepresentations with respect to the existence of an artesian well on the property and that the purchasers did not discover the misrepresentation until a date within two years of the commencement of the action, an allegation that they used due diligence in ascertaining the location of the well was not required to avoid a motion to dismiss based on the statute of limitations. [487-488]

In an action by the purchasers of real estate against the sellers for fraudulent misrepresentations in the sale, allegations of the content of the false statements, to whom the statements were made, who made the statements, their falsity, the sellers' knowledge of their falsity, the period during which they were made, that they were made to induce the defendant's reliance, and that the plaintiffs did rely on them to their harm sufficiently stated with particularity circumstances constituting fraud under Rule 9 (b) of the Massachusetts Rules of Civil Procedure. [488-489]

_____

[1] The other parties are described in the opinion.

CIVIL ACTION commenced in the Superior Court on November 22, 1974.

The case was heard by *Meagher*, J., on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John F. Trefethen* (*Charles F. Nayor* with him) for the plaintiff.

*Paul V. Shannon* for Ronald M. McCann.

*Ernest A. Belforti* for William J. Jablonski & another.

WILKINS, J. The plaintiffs purchased real estate (premises) in Webster from the defendants Dr. and Mrs. Jablonski (sellers) with the defendant McCann acting as a broker on behalf of the sellers. The plaintiffs claim that the defendants made fraudulent representations concerning the premises and argue that, in the circumstances, they are not barred by the statute of limitations in bringing suit more than two years after the sale of the premises. The plaintiffs appeal from judgments which dismissed their action following allowance of the defendants' motions to dismiss under Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974).[2] We conclude that the claim concerning misrepresentations about a right of way was barred as matter of law by the statute of limitations but that the portion of the complaint concerning representations about a well on the premises was sufficient, and thus the complaint should not have been dismissed.

We summarize the facts alleged in the complaint, which was mailed on November 22, 1974. From October, 1971, to January 12, 1972, the defendants attempted to sell the premises to the plaintiffs. They "made certain statements and representations . . . orally and in writing, to the effect that there was a 600 foot artesian well existing upon and

---

[2] The defendants' motions were allowed on the first stated ground which relied, alternatively, on the statute of limitations and on a claimed inadequacy of the complaint to allege fraud with the particularity required by Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974).

serving the property" and "that there was a right of way providing access to the premises over a paved driveway situated upon the land of an adjacent owner." The specific statements and representations made by the defendants are not set forth. They are characterized as "deliberate, false, and fraudulent," knowingly made, and relied on to their detriment by the plaintiffs, who purchased the premises on January 12, 1972. In December, 1972, the plaintiffs first discovered that there was no artesian well on the premises and that the water pipes serving the premises drew from a well on a parcel adjacent to the premises. At the same time, the plaintiffs discovered that they did not have a right of way over the paved driveway on the land of the adjacent owner. That adjacent owner advised the plaintiffs that "he intended to forbid" their further use of the well and of the driveway.

All parties agree that the appropriate statute of limitations is G. L. c. 260, § 2A, inserted by St. 1948, c. 274, § 2, which provides that an action of tort of this character must be commenced "within two years next after the cause of action accrues." The principal dispute involves the time at which any cause of action accrued. The defendants argue that the cause of action accrued at the time of the alleged misrepresentations and no later than January 12, 1972, the date the premises were conveyed to the plaintiffs. If so, an action commenced in November, 1974, would be barred by the two-year statute of limitations.

The plaintiffs argue that their cause of action did not accrue until they knew or reasonably should have known of the misrepresentations. They rely on our opinion in *Hendrickson* v. *Sears*, 365 Mass. 83, 91 (1974), which stated that a client's cause of action against an attorney for negligent certification of title to real estate does not accrue until the misrepresentation is discovered or reasonably should have been discovered. The *Hendrickson* opinion (at 89-90) cites other circumstances where we have applied the same principle.

We have not been asked previously to consider whether a cause of action for deceit in the sale of real estate ac-

crues when the plaintiff knew or reasonably should have known of the misrepresentation. In *Brackett* v. *Perry*, 201 Mass. 502, 504 (1909), we said that a cause of action for a buyer's misrepresentation concerning the sellers' potential liability for a broker's commission accrued when the sellers "bound themselves to convey the land to the [buyer] ... and carried out that agreement." There, however, the point now before us was not considered because the plaintiffs had reasonable means of detecting the fraud, which was said to be equivalent to actual knowledge, at a date prior to the period of limitations. *Id.* at 505. In *Connelly* v. *Bartlett*, 286 Mass. 311 (1934), also relating to the right of a broker to a commission, the court and the parties assumed that the cause of action accrued when the alleged misrepresentation was made. Neither of these cases involved a suit by a buyer of residential real estate who claimed that a fact misrepresented by a seller or his agent was not known and could not reasonably have become known until a date after the conveyance.

It is true that, unlike the circumstances in the *Hendrickson* case, this case does not involve a fiduciary relationship between the plaintiffs and the defendants, because the defendants engaged in an arm's length transaction with the sellers and the sellers' broker. However, to the extent that any misrepresentation concerns a fact which was "inherently unknowable" by the plaintiffs at the time it was made and at the time of the sale, we think that the rule of the *Hendrickson* case should be applied in determining when the plaintiffs' cause of action accrued.[3] The rule elsewhere appears to be to the same effect: that a cause of action for deceit in the sale of real estate accrues when a

[3] There is no allegation of fraudulent concealment of the plaintiffs' cause of action which would support the plaintiff's argument that, under G. L. c. 260, § 12, the period prior to the discovery should be disregarded in determining the time limited for the commencement of the action. There is no allegation of any positive acts of concealment of the cause of action, and, in the absence of a fiduciary relationship, silence cannot constitute fraudulent concealment. *Lynch* v. *Signal Fin. Co.*, 367 Mass. 503, 507-508 (1975). *Connelly* v. *Bartlett*, 286 Mass. 311, 317-319 (1934).

Friedman *v.* Jablonski.

buyer learns of the misrepresentation or when the buyer reasonably should have learned of the misrepresentation. See, e.g., *Kraft* v. *Lowe,* 77 A.2d 554, 557 (D.C. Mun. Ct. App. 1950) (sewer connected to septic tank, not to public sewer as represented); *Gibbins* v. *Kosuga,* 121 N.J. Super. 252, 254-255 (Law Div. 1972) (well located on neighbor's land, not on the premises as represented). Cf. *Hobart* v. *Hobart Estate Co.,* 26 Cal. 2d 412, 437-443 (1945); *McWilliams* v. *Barnes,* 172 Kan. 701, 703-704 (1952) (sewer pipes not connected to city sewer system as represented).

Considering first the allegations that the plaintiffs were misinformed concerning the right of way over a paved driveway on adjacent property, we conclude that the misrepresentation ceased to be "inherently unknowable" by the time of the sale and that the cause of action then accrued. A right of way is an interest in land which might appear of record in a registry of deeds. If it did not so appear, the plaintiffs had an opportunity to inquire further concerning the basis for the representation that a right of way did exist. As matter of law, the plaintiffs could reasonably have known of the misrepresentation concerning the right of way at least by the date they accepted a deed to the premises. In the circumstances, between the plaintiffs and the defendants, the misrepresentation concerning the right of way ceased to be "inherently unknowable" at least by the time of the sale. The plaintiffs could have conducted a title search, employing an attorney acting on their behalf, and, in determining when the cause of action accrued against these defendants, the plaintiffs must take the consequences of any failure to do so or of any omission on the part of their attorney.[4]

---

[4] We stress that we are not saying that an action for deceit does not lie because the plaintiffs should have inquired at the registry of deeds. An action for deceit is not barred as matter of law because the victim could have ascertained the falsity of the representation by an examination of title in the registry of deeds. *Charbonneau* v. *Rokicki,* 278 Mass. 524, 526-527 (1932). *Lynch* v. *Palmer,* 237 Mass. 150, 152 (1921). What we are saying is that in the circumstances existing between these

The allegations concerning the artesian well present different considerations. The complaint does not show that, as matter of law, the plaintiffs reasonably could have known the true facts about the well by the time of the sale of the premises. The location of the well was a matter unlikely to be discovered by a title search. We do not know enough about the physical and other circumstances concerning the well to conclude to a certainty that the plaintiffs are barred by the statute of limitations.

We come then to the question whether the plaintiffs' failure to allege that they used due diligence in ascertaining the location of the well is fatal. The plaintiffs would have the burden of proving facts which take their case concerning the well outside the impact of the statute of limitations. That would include proof that (a) they did not learn of the location of the well until within two years of the commencement of this action, a circumstance they have alleged, and (b) in the exercise of reasonable diligence, they should not have known of the location of the well more than two years prior to the commencement of the suit, a circumstance they have not alleged. Under our former equity practice, a bill had to allege facts which showed that any apparent bar of the statute of limitations had been removed. *Drury* v. *Poor*, 280 Mass. 564, 565 (1932). In an action at law, however, the declaration did not have to allege the saving facts. *Mendes* v. *Roche*, 317 Mass. 321, 325 (1944). If the defendant pleaded the statute of limitations, the plaintiffs could allege the saving circumstance in reply to that defense. *Blackler* v. *Boott*, 114 Mass. 24, 26 (1873). In an early opinion, this court held that a replication that the defendants' fraud was not discovered until within the period of the statute before the commencement

parties the cause of action for deceit accrued at least by the date the plaintiffs took title to the premises.

Of course, if, as appears to be the case, the plaintiffs did retain an attorney, the plaintiffs may not be without recourse against him. At least, under the Hendrickson rule, their claim against that attorney, with whom they did have a fiduciary relationship, was not time barred if the plaintiffs reasonably relied on his advice.

of suit was a sufficient response to the defendants' plea of the statute of limitations. *Homer* v. *Fish,* 1 Pick. 435, 438 (1823). In this respect Massachusetts and certain other jurisdictions have been in the minority. See Annot., 172 A.L.R. 265, 299-302 (1948).

We would be most reluctant to conclude that under the Massachusetts Rules of Civil Procedure a more technical pleading requirement exists than existed before the adoption of those rules. The rules of civil procedure were designed to facilitate pleading and to eliminate technicalities and niceties nurtured by our former system of pleading. As a matter of Federal practice, a complaint in a fraud case, which reveals an apparent lack of timeliness, need not allege more than the basic claim and that discovery of the fraud was made within the statute of limitations period preceding suit. See *Goldstandt* v. *Bear, Stearns & Co.,* 522 F.2d 1265, 1268-1269 (7th Cir. 1975); *Turner* v. *Lundquist,* 377 F.2d 44, 48 (9th Cir. 1967); *Garcia* v. *Bernabe,* 289 F.2d 690, 692-693 (1st Cir. 1961). We conclude that the complaint contained sufficient allegations concerning the well to avoid a motion to dismiss which relied on the statute of limitations. Of course, if allegations of fraud are not adequate, as a general rule, leave to amend should be granted.

We come finally to the defendants' argument that, with the averment of fraud, the circumstances constituting fraud are not "stated with particularity" as required by Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974). We believe that there were adequate allegations of the circumstances constituting the fraud. The complaint alleged the misrepresentation specifically — "that there was a 600 foot artesian well existing upon and serving the property." It alleged who made the statements, their falsity, and the defendants' knowledge of their falsity. The complaint also alleged to whom the statements were made, the period during which they were made, that they were made to induce the plaintiffs' reliance, and that the plaintiffs did rely to their harm. There can be no question that the defendants were warned adequately concerning the particular statements which

constituted the alleged fraud so that they could prepare their defense. See *Collins* v. *Rukin,* 342 F. Supp. 1282, 1292-1293 (D. Mass. 1972) ; *Textile Banking Co.* v. *S. Starensier, Inc.,* 38 F.R.D. 492, 493 (D. Mass. 1965) ; 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1297, at 403-404 and § 1298 (1969) ; 2A J. Moore, Federal Practice par. 9.03, at 1928-1930 (2d ed. 1975).

The judgments for the defendants are reversed. The motions to dismiss are vacated in so far as the plaintiffs allege fraudulent representations concerning an artesian well on the premises.

*So ordered.*