Duco Associates, Inc. & another *vs.* Norman Lipson & others. February 18, 1981. 1. The judge did not err in ruling that the plaintiffs' cause of action accrued at the time of the execution of the note (December 21, 1973). See *Friedman* v. *Jablonski*, 371 Mass. 482, 485-486 (1976).

The town of Brookline, where the apartment house is located, was subject to rent control legislation at the time the note was executed. Moreover, the rents of all the apartments in the apartment house were registered with the Brookline rent control board and at all times the registration statements were subject to and available for public inspection. Based on the aforementioned facts the alleged misrepresentation concerning rental income "ceased to be 'inherently unknowable' at least

by the time of the sale" and execution of the note. *Id.* at 486. "[I]n determining when the cause of action accrued against these defendants, the plaintiffs must take the consequences of any failure to . . . [check public records] or of any omission on the part of their attorney." *Id.*

As the plaintiffs were unable to show that the alleged misrepresentation was "inherently unknowable," the two-year limitations period of G. L. c. 260, § 2A, was not tolled. See *id.* at 486-487 n.4.

2. The plaintiffs in the alternative maintain in their amended complaint that even if the two-year statute of limitations applies pursuant to G. L. c. 260, § 2A, as in effect prior to St. 1973, c. 777, §§ 1, 4, their action falls within G. L. c. 93A, § 11 (inserted by St. 1972, c. 614, § 2), and is thus covered by the four-year limitations period of G. L. c. 260, § 5A (inserted by St. 1975, c. 432, § 2). Here, the plaintiffs are correct.

This aspect of the case is controlled by *Baldassari* v. *Public Fin. Trust,* 369 Mass. 33 (1975). There, the court held that the new statute did not "revive actions barred before its effective date." *Id.* at 43. As the then applicable two-year tort limitations period had not expired by July 15, 1975, the effective date of G. L. c. 260, § 5A, the defendant's motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), was improperly allowed. Compare *Babco Indus., Inc.* v. *New England Merchs. Natl. Bank,* 6 Mass. App. Ct. 929 (1978).

The judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*

*Ralph Davis* for the plaintiffs.
*Daniel Briansky* for William J. Zuroff.