RICHARD GRAVELINE & another[1] *vs.* BAYBANK VALLEY
TRUST COMPANY, executor.

Hampden.   October 19, 1984. — January 25, 1985.

Present: GREANEY, C.J., KASS, & SMITH, JJ.

*Limitations, Statute of.  Fraud,* Sale of real estate.

Where, in the circumstances, the age and condition of the roof of a dwelling
house were not inherently unknowable, the buyers of the house, who
sought to recover damages from the seller based on its alleged misrep-
resentation of the age of the roof, were not entitled to have the limitation
period for commencement of their action tolled until such time as they
became aware of the roof's apparent age. [254-256]

CIVIL ACTION commenced in the Hampden Division of the
Housing Court Department on June 15, 1983.

The case was heard by *Edward C. Peck, Jr.,* J., on a motion
to dismiss.

*John F. Dalsey* for the plaintiffs.
*James F. Martin* for the defendant.

KASS, J.  When BayBank Valley Trust Company (the Bank),
acting as an executor under a will, listed the premises at 26
East Alvord Street, Springfield, for sale, it described the roof
of the dwelling as "approx. 8 yrs. old." The Gravelines, the
plaintiffs, bought the property on November 14, 1980, in part,
they say in their complaint, on the strength of the information
that appeared in the listing. In 1983, the roof leaked. Roofers,
for whom the plaintiffs sent to repair the roof, described it as
at least eighteen years old and in need of replacement. The
Gravelines claimed damages under G. L. c. 93A[2] and under a

---

[1] Jean Graveline.

[2] The parties have not argued, and on the view we take of the case it is
not necessary to decide, whether the principle announced in *Lantner* v. *Car-*

common law count of deceit. They filed their action June 15, 1983, two years and seven months after the sale.

The judge of the Hampden Housing Court[3] allowed the bank's motion to dismiss based on the short one-year statute of limitations which applies to actions against executors, G. L. c. 260, § 11.[4] In the course of so doing, he rejected the argument of the plaintiffs, that the information concerning the roof was inherently unknowable and that, by application of *Friedman* v. *Jablonski,* 371 Mass. 482, 485-486 (1976), the statute of limitations should be tolled until the time in 1983 when the plaintiffs became aware of the apparent age of the roof. We affirm.

Both the c. 93A count and the misrepresentation count rest on the proposition that the Bank misrepresented the age of the roof. In connection with that assertion, we are obliged to come to grips with the question on which the case turned below: Was the age of the roof "inherently unknowable"? Certainly the age of the roof was not, at the time of the sale, inherently unknowable in a literal sense. If, as the plaintiffs allege, the age of the roof was determined by inspection in 1983, it follows the roof's age could have been determined by inspection in 1980. All that was really necessary in 1980 was to think of the question and act upon it. This is unlike the "blameless ignorance" (the phrase is from *Urie* v. *Thompson,* 337 U.S. 163, 170 [1949]) of the patient in *Franklin* v. *Albert,* 381 Mass. 611, 612-613 (1980), who could not have known that an x-ray had disclosed an abnormality, or the patient in *Fearson*

---

*son,* 374 Mass. 606, 608 (1978), that G. L. c. 93A does not provide a remedy when the transaction is private, ceases to apply upon the intercession of a professional fiduciary. Compare *Gannett* v. *Lowell,* 16 Mass. App. Ct. 325, 328 (1983), involving activity by a nonprofessional fiduciary.

[3] As to the jurisdiction of the Housing Court Department over a chapter 93A dealing with subject matter of the sort here presented, see G. L. c. 185C, § 3, as amended by St. 1979, c. 72, § 3. See *Patry* v. *Liberty Mobilhome Sales, Inc.,* 15 Mass. App. Ct. 701, 704-705 (1983).

[4] So far as material, the statute reads: "An action founded on any contract made or act done, if made or done by any person acting as the executor . . . of the estate of a deceased person, shall be brought within one year. . . ."

v. *Johns-Manville Sales Corp.,* 525 F.Supp. 671, 673-674 (D.
D.C. 1981), who could not have known, before the manifes-
tation of symptoms, that he suffered from bronchogenic car-
cinoma. Closer in subject matter to the case at bar is *Friedman*
v. *Jablonski,* 371 Mass. at 487, in which it was not clear from
the pleadings whether the location of an artesian well off the
premises, rather than on them, could reasonably have been
discovered before the sale of those premises took place. On
the other hand, the location of a right of way in *Friedman* v.
*Jablonski* was a fact held discoverable, i.e., knowable, by
examination of public records. *Id.* at 486. See also *Duco As-*
*sociates, Inc.* v. *Lipson,* 11 Mass. App. Ct. 935, 935-936
(1981) (misrepresentation of rental income not inherently un-
knowable because the rents were on file with the local rent
control board); contrast *Dinsky* v. *Framingham,* 386 Mass.
801, 803 (1982) (defective grading by town was unknowable
by plaintiff because it did not manifest itself until flood condi-
tions occurred). Compare *White* v. *Peabody Constr. Co.,* 386
Mass. 121, 129-130 (1982); *Mansfield* v. *GAF Corp.,* 5 Mass.
App. Ct. 551, 554-555 (1977) (action accrued when plaintiff
became aware of defects in new roof, not when, later, plaintiff
first learned of the extent of the damage).

In *Salinsky* v. *Perma-Home Corp.,* 15 Mass. App. Ct. 193,
197 n.6 (1983), we observed that "[c]ause to inquire about
facts giving rise to the cause of action may be sufficient to
prevent tolling or extensions of the period of a statute of limi-
tations." See also *Kent* v. *Dupree,* 13 Mass. App. Ct. 44, 47
(1982). That approach strikes us as apt in the case at bar. The
information on the listing of the property was short of a war-
ranty. It set forth in outline manner characteristics of the prem-
ises: how many apartments (it was a two-family house); whether
it had porches, fireplaces, dishwasher, screens, and so forth.
The statement on which the plaintiffs seize came under a space
in the listing form labelled "Remarks" and read in full as
follows: "Needs some work. Roof approx. 8 yrs. old. Tenant
pays their [*sic*] own utilities. Front & back stairways to 3rd
flr." At the bottom of the listing form there appears a disclaimer
that the broker has checked the accuracy of the information

and a statement that "Each item should be the subject of direct inquiry by buyers." In the circumstances, we think the plaintiffs had cause to investigate the age of the roof if that was a matter of importance to them. A physical inspection of real property by or on behalf of the buyer is not uncommon. On the record before the Housing Court judge, the age of the roof, as matter of law, was not inherently unknowable, and the judge rightly allowed a motion to dismiss the complaint as time-barred by G. L. c. 260, § 11.

*Judgment affirmed.*