Billings, A.J.
After hearing, the plaintiffs Motion for Summary Judgment is DENIED, for the following reasons.
The statute of limitations for an action of default under a lease is four years. G.L.c. 106, §2A-506(1). It appears that the lease was in default no later than May 1, 1998; this case was filed July 30, 2002, more than four years later.
The Bank argues that this was a finance lease, not a true lease, and as such the six-year statute of limitations for contract actions applies. On close inspection, however, it seems clear that Article 2A applies to finance leases, albeit fashioning special rules for certain issues — but not the statute of limitations— regarding this subset of the universe of chattel leases. See, e.g., c. 106, §2A-103(g) and the Uniform Commercial Code Comments thereto. The limitations period applicable to this claim, therefore, is four years.
Section 2A-506(2) provides, in pertinent part:
A cause of action for default accrues when the act or omission on which the default or breach of warranty is based is or should have been discovered by the aggrieved party, or when the default occurs, whichever is later.
The Bank argues that it did not learn that the lease— which by its terms was non-assignable — had been assigned by the original lessee to the present defendant until May 2002, after it had obtained a judgment against the original lessee and was pursuing postjudgment discovery. The sole support for this assertion, however, is an unauthenticated letter of May 21, 2002, from a Maryland lawyer to the Bank’s Massachusetts counsel, stating that a copy of the assignment is enclosed. This does not satisfy Mass.R.Civ.P. 56(e), or the Bank’s “burden of proving facts which take [its] case outside the impact of the statute of limitations.” Friedman v. Jablonski, 371 Mass. 482, 487 (1976). There is no affidavit from a person with knowledge (a Bank officer, for example) establishing that the Bank neither knew nor, in the exercise of due diligence, had reason to know of the assignment and the identity of the assignee until four years or less before it filed the Complaint.
The Bank has not carried its burden of demonstrating the absence of a genuine issue of material fact on the limitations issue.[1] I therefore do not reach the mitigation issue raised by the defendant.

 There is additionally the question — left for another day— whether section 2A-506(2) should be applied literally, to start the four-year clock running as soon as the lessor knows of a default, even if it does not yet know of an assignment or the identity of the assignee.