MacLeod-Mancuso, Bonnie H., J.

INTRODUCTION

The Plaintiff, Saranda Wallach (“plaintiff’), brought a breach of contract action, along with related claims for breach of the implied covenant of good faith and fair dealing and intentional misrepresentation, to recover damages sustained by plaintiff as a result of Defendant Ye Huang’s (“defendant”) failure to pay plaintiff 50% of all commissions received pursuant to an alleged agreement. This matter is now before the Court on defendant’s Motion to Dismiss. For the reasons set forth below, the defendant’s motion is DENIED.

ALLEGED FACTS

The following are facts as alleged in the plaintiffs complaint.
In 2003, plaintiff was employed as a financial producer by The MONY Group, Inc. (hereinafter MONY). Complaint ¶3. On March 12,2003, plaintiff conducted a seminar, in the course of her employment, in which Diana and T.W. Chang (hereinafter the “Changs”) attended. Complaint ¶4. After an initial meeting with the Changs at the seminar, plaintiff spoke with the Changs several times on the phone and met with them at their home on two separate occasions in April and May of 2003 to discuss their investment plans. Complaint ¶4.
In July of 2003, after determining that to better serve the Changs, plaintiff would need someone that spoke Chinese, plaintiff informed defendant, an assistant managing director with MONY, of her communications with the Changs. Complaint ¶6. Subsequent to this conversation between plaintiff and defendant plaintiff and defendant entered into an agreement in which they agreed to share commissions derived from *16 any contract(s)/account(s) entered into with the Changs or referrals from the Changs on a 50/50 basis. Complaint ¶7. In accordance with the agreement, defendant paid plaintiff 50% of the commission he received on the first investment vehicle entered into with the Changs through MONY. Complaint ¶8.
Plaintiff discovered defendant had done additional business with the Changs without plaintiffs knowledge and without paying to her 50% of the commission defendant received from these transactions. Complaint ¶9. Plaintiff sent defendant a letter demanding payment of the 50% commission he received from dealings with the Changs pursuant to the agreement made between plaintiff and defendant. Defendant has failed and refused to pay the commission owed to plaintiff and has notified her he has no intention of paying her for any future commissions received from the Changs or referrals made by the Changs. Complaint ¶ 10. As a result of defendant’s noncompliance ■with the agreement, plaintiff has been financially damaged, and on May 2, 2005, plaintiff filed an Amended Complaint and Demand for a Jury Trial alleging breach of contract, breach of implied covenant of good faith and fair dealing and intentional misrepresentation.
In connection with the intentional misrepresentation count, plaintiff alleged that defendant made representations stating he would pay to her 50% of any and all commissions received from the Changs. Plaintiff alleges she reasonably relied upon these statements that were knowingly false when made. Complaint ¶¶23, 24.

DISCUSSION

I. Standard of Review
A motion to dismiss should be granted when a party fails to state a claim upon which relief may be granted. Mass.R.Civ.P. 12(b)(6). The accepted rule in Massachusetts is “a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46, (1957). In deciding a motion pursuant to Rule 12(b)(6), the Court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in favor of the party whose claims are the subject of the motion. C.M v. P.R., 420 Mass. 220, 221 (1995).
Also, an averment of fraud must be pled with particularity pursuant to Mass.RCiv.P. 9(b) in order to enable the defendants to be warned adequately of the particular actions that constitute the alleged fraud or misrepresentation so that they may prepare their defense. Friedman v. Jablonski, 371 Mass. 482, 488 (1976).
II. Wallach’s Breach of Contract Claim
The plaintiff alleges breach of an oral contract. The defendant moves to dismiss the claim on the grounds because there was no written finder’s fee agreement, the statute of frauds bars enforcement of the alleged agreement pursuant to Mass G.L.c. 259, §7. section states in pertinent part:
agreement to pay compensation for service as broker or finder . . . shall be void and unenforceunless such agreement is in writing, signed by party to be charged therewith, or by some other person authorized ... The provisions of this section shall apply to a contract implied in fact or in law to reasonable compensation but shall not apply a contract to pay compensation for professional services of an attorney-at-law or a licensed real estate broker or real estate salesman acting in their professional capacity. Mass G.L.c. 259, §7.
In defendant’s Memorandum in Support of his Motion to Dismiss, he contends the facts suggest plaintiff must be considered either a “finder” or “broker” and therefore the statute clearly applies. This Court is not convinced.
When statutory language is plain and unambiguous, this Court applies its ordinary meaning. Massachusetts Broken Stone Co. v. Weston, 430 Mass. 637, 640 (2000). The terms “broker and ’’finder" are not technical terms and shall be given their ordinary meanings. Cantell v. Hill Holiday Conors Cosmopulos, Inc., 55 Mass.App.Ct. 550, 553 (2002). A finder has been defined by Massachusetts courts as one who “merely identifies a business opportunity” for another. Bonin v. Chestnut Hill Towers Realty Co., 14 Mass.App.Ct. 63, 75 (1982). Black’s Law Dictionary defines a finder as “an intermediary who brings together parties for a business opportunity . . .” Black’s Law Dictionary, 664 (8th ed. 2004). Furthermore, the ordinary meaning of a broker is “an agent who acts as an intermediary or negotiator, esp. [ecially] between prospective buyers and sellers.” Black’s Law Dictionary, 205 (8th ed. 2004).
The face of the complaint indicates plaintiff met with, and spoke to the Changs on multiple occasions for the sole purpose of selling them investment products. The complaint also indicates plaintiff merely requested defendant’s assistance in servicing the Changs only after learning there may be a communication problem, and would not have done so had there not been a language barrier. This implies that any agreement made between plaintiff and seller was akin to a “partnership” type agreement not an agreement to be a finder for defendant or to broker the relationship between him and the Changs, raising serious doubt as to whether plaintiff may be considered a finder or broker under the statute.
Plaintiff does not dispute there was no written agreement. Rather, plaintiff disputes the applicability of the statute of frauds. Absent language within the four corners of the complaint establishing as a matter of law that plaintiff is indeed a “finder” or “broker” *17 under the statute, the motion to dismiss must be defeated.

II. Walhach’s Breach of Implied Covenant of Good Faith and Fair Dealing Claim

In Massachusetts, it is well settled that “every contract implies good faith and fair dealing between the parties to it, and the courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable." Clark v. State Street Trust Co., 270 Mass. 140, 153 (1930). To bring a claim for breach of the implied covenant of good faith and fair dealing “there must first be a binding contract.” Anthony’s Pier Four, Inc. v. HBO Assoc., 411 Mass. 451, 471 (1991). Defendant contends this claim fails as a matter of law because the underlying oral agreement is unenforceable. However, because this Court has concluded that a binding oral contract may have been formed, a motion to dismiss a claim for breach of the implied covenant of good faith and fair dealing must also be denied.

III. Wallach’s Intentional Misrepresentation Claim

To recover for intentional misrepresentation, plaintiffs must show that the defendant made a false representation of material fact with knowledge of its falsity to induce the plaintiff to act thereon, and that the plaintiffs relied on such representation as true and acted upon it to their detriment. Barrett Assoc., Inc., v. Aronson, 346 Mass. 150, 152 (1963). Defendant contends plaintiffs intentional misrepresentation claim must fail for two reasons.
First, in the defendant’s Memorandum in Support of the Motion to Dismiss, defendant states, “the mere nonperformance of an oral contract that falls within the statute of frauds does not constitute fraud.” Chase v. Aetna Rubber Co., 321 Mass. 721, 724 (1947). However, because this Court has concluded the statute of frauds may not apply to the alleged agreement, the motion to dismiss this Count for this reason must be denied.
In addition, defendant states the intentional misrepresentation claim fails because fraud shall be stated with particularity pursuant to Mass.RCiv.P. 9(b). An averment of fraud may be considered pled with particularity pursuant to Mass.R.Civ.P. 9(b) if it is alleged who made the statements, to whom the statements were made, their falsity, the defendant’s knowledge of their falsity, the period which they were made, that they were made to induce the plaintiffs’ reliance, and that the plaintiffs did rely to their harm. Friedman v. Jablonski, 371 Mass. 482, 488 (1976). This Court finds the allegations here of the circumstances constituting the fraud to have been adequate to provide the required information, thereby allowing defendants to prepare a sufficient defense. Consequently, the motion to dismiss plaintiffs intentional misrepresentation claim for want of particularity is denied.

ORDER

For the foregoing reasons, it is ORDERED that Defendant, Ye Huang’s Motion to Dismiss be DENIED.