Fremont-Smith, Thayer, J.
Plaintiff was an employee of NIPMUC, Inc. (Mike’s Gym) who was found guilty in Woburn District Court of having assaulted a customer. Plaintiff was subsequently terminated as an employee and she and Mike’s Gym were sued for damages by the customer. A default judgment was rendered against her and Mike’s Gym in that case for $71,339.85. An attorney for Mike’s Gym was successful in removing the default against Mike’s Gym, but the default remained against plaintiff, who was unrepresented. She then brought this action against Mike’s Gym and its owners, alleging that she was terminated illegally and was damaged as a result of defendants’ failure to provide her with legal representation, as promised, in the assault case, in which she remained defaulted. She also alleges she paid defendants for an ownership interest in their business, which interest she never was provided, and that her money was never refunded.
Legal Standard on a Motion to Dismiss
Pursuant to Mass.R.Civ.P. 12(b)(6), a complaint will be dismissed if it fails to state a legal claim on which relief may be granted against the defendant. The Court is to accept as true “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor.” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004), quoting Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). The complaint will not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
Count I (Breach of Covenant of Fair Dealing)
Count I alleges that plaintiffs termination was in retaliation for her retention of separate counsel to represent her in the assault case,[1] so was against public policy.
An exception to the general rule that at-will employees may be fired for any reason or no reason imposes liability on an employer who terminates an employee on grounds that violate public policy. See, e.g., Smith-Pfeffer v. Superintendent of the Walter E. Fernald State School 404 Mass. 145, 149-50 (1989).Tobringaclaim under the public policy, an employee must show that the employer “would not have discharged him but for [the employee’s] conduct protected by that public policy principle on which he relies.” Mello v. Stop & Shop, 402 Mass. 555, 558 (1988). The case law indicates that Massachusetts considers the activity of consulting an attorney as protected conduct. Past decisions have held that employees may not be terminated for “asserting a legal right (e.g., filing a workers’ compensation claim).” Smith-Pfeffer, supra, at 149. In addition, other jurisdictions have suggested that consulting with an attorney is protected conduct. See Thompto v. Coborn’s, Inc., 871 F.Sup. 1097, 1119 (N.D. Iowa 1994) (an employee should not be fired for threatening to speak with an attorney). Therefore, D’Alessandro has alleged a sufficient nexus between her hiring an attorney and her termination to prevail on a motion to dismiss.
Count IV (Breach of Contract)
Where, as here, “an employment contract, be it expressed or implied, contains no definite period of employment, it establishes employment at will.” Jackson v. Action for Bos. Community Devel, 403 Mass. 8, 9 (1988). As such, she could be terminated at any time for any reason or no reason (see e.g., Upton v. JWP Businessland, 425 Mass. 756, 757 (1997)) unless it was done in violation of public policy (see Count I, discussed supra).
Accordingly, Count IV is dismissed for failure to state a claim.
Counts II, III, IX and X (Misrepresentation)
These counts allege that defendants intentionally or negligently misrepresented that they would provide plaintiff with legal representation in the assault case and that they falsely represented to her that she would receive shares of stock in F&F Fitness and Gooch, Inc. in exchange for her payment of money. She alleges that she did pay them money for this purpose, but that she never received any shares of stock or other indicia of ownership. As the complaint alleges “false representation of a material facts with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon” and the plaintiffs reliance thereon to her damage, Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975) (citations omitted), the complaint states claims for which relief can be granted.
The claims as to money paid in 2002 for an ownership interest in F&F Fitness (as distinguished from the alleged payment to an interest in Gooch, Inc.), however, are barred by the statute of limitations. Under Massachusetts law, a plaintiff must file tort claims within three years of the incident giving rise to the cause of action. G.L.c. 260, §2A. She paid her money *2 for F&F Fitness in 2002 and the complaint was not filed until 2006. She must have known, or should have known, almost immediately after she paid her money in 2002, that she had been provided with no stock or other ownership interest in the business. A plaintiff can claim ignorance only up to the point where the plaintiff “in the exercise of reasonable diligence should not have known” about the harm. Friedman v. Jablonski, 371 Mass. 482, 487 (1976). In the circumstances here, the discovery rule is clearly not applicable and her claims concerning the stock in F&F Fitness are time-barred. See Albrecht v. Clifford, 436 Mass. 706, 715 (2002).
Counts V, VI, and VII (Conversion)
These counts allege that plaintiff paid money on two occasions (in 2002 and again in 2003) after being falsely promised to be given a stake in the business, and that defendants’ wrongful retention of this money constitutes conversion.
Under Massachusetts law, a defendant is liable for conversion if he “intentionally or wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time.” Abington National Bank v. Ashwood Homes, Inc., 19 Mass.App.Ct. 503, 507 (1985). A viable defense to this tort is the plaintiffs agreement to the defendant’s possession of the property at issue. Edinburg v. Allen-Squire Co., 299 Mass. 206, 211 (1938). In fact, “consent by the owner of property to an act, which ■otherwise might be found to amount to a conversion, would preclude such a finding.” Id. Although here D’Alessandro’s initial surrender of sums of money to Jones, Alexander and NIPMUC in order to purchase shares of stock was voluntary, she alleges that it was obtained fraudulently and that defendants’ wrongful retention of that money constitutes conversion. As the law appears to be unsettled in these circumstances, see D'Aloisio v. Morton's, Inc. (Mass.App.Div. of the District Court, 1960), 123A Mass.Digest 2d 79, 342 Mass. 231 (1961) at 238, the allegations withstand a motion to dismiss at this stage of the proceedings, except those with respect to F&F Fitness, which, as discussed above, are barred by the statute of limitations.
ORDER
Accordingly, Count IV of the complaint is dismissed. Counts II, III, V, VI, VII, IX and X are dismissed only insofar as they allege misrepresentation and/or conversion of money in 2002 with regard to F&F Fitness. The motion to dismiss is otherwise DENIED.[2]

However unlikely it might appear that any employer would terminate an employee for this reason, plaintiffs likelihood of being able to prove this is not a consideration in regard to a motion to dismiss.

Many facts are asserted in defendants’ opposition papers which, if attested under oath and not disputed under oath by the plaintiff, will result in summary judgment for the defendants on some or all of plaintiffs claims. Such alleged facts, however, which are outside the complaint, may not be considered on a motion to dismiss.