H. THEODORE FLETCHER *vs.* JOHN H. STORER & others.

Suffolk. January 20, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Contract,* Rescission, Performance and breach. *Limitations, Statute of.*

Where a person, who has paid the purchase price for a certain lot of land and is entitled to a deed under a contract in writing by which the seller has agreed "to pay all taxes until deed is given," makes a demand for a deed but afterwards waives immediate performance on account of the absence of necessary parties, and thereafter for a period of twelve years, although he makes oral and written demands for a deed, receives none either because of the continued absence of necessary parties or for some other reason not attributable to his own fault, and then demands a deed which the seller refuses to give unless the purchaser pays the taxes which have been paid by the seller since the payment of the purchase money, this gives the purchaser the right to rescind the contract of sale and demand back the purchase money paid by him, and, on the refusal of its payment, to recover the amount in an action of contract, although the defendant sets up the statute of limitations; because the plaintiff's delay in making his final demand for a deed was not due to his own fault, and the statute of limitations did not begin to run until his final demand was refused.

CONTRACT for $280, and interest, paid by the plaintiff's assignor, one Alberta McLeod, under a contract in writing between her and the defendants, dated August 14, 1894, whereby the defendants agreed to convey to her a certain lot of land numbered 542 on a plan of The Heights in the part of the town of Revere which is

known by that name, which contract the defendants wholly failed to perform. Writ dated March 9, 1910.

The defendants' answer, besides a general denial, set up the defence of the statute of limitations.

In the Superior Court the case was submitted to *Ratigan*, J., upon an agreed statement of facts, the substance of which is stated in the opinion. The judge ruled that the action was not barred by the statute of limitations and found for the plaintiff in the sum of $372.12. By agreement of the parties he reported the case for determination by this court. If the ruling and finding of the judge were correct, judgment was to be entered thereon; otherwise, judgment was to be entered for the defendants.

*C. F. French,* (*A. R. Smith, Jr.,* with him,) for the defendants.

*C. H. Donahue,* for the plaintiff.

PIERCE, J. On December 17, 1896, the plaintiff's assignor paid the last instalment of the principal sum to be paid under the agreement. Concurrently therewith she had the right to a conveyance of the premises by a deed in the form annexed to the agreement. In the exercise of this right she made a demand upon the defendants, but waived performance, stating that by reason of the absence of necessary parties the deed could not be given.

The defendants were then and ever since have been in possession of the premises. The attitude of the parties in reference to a conveyance between December, 1896, and some time in 1908 does not appear in the agreed statement of facts, but from all the circumstances, including oral and written demands, it may be inferred either that the inability of the defendants to give a deed continued because of the absence of necessary parties, or that there were other causes of inaction not attributable to the vendee's neglect. On July 7, 1908, the vendee assigned to the plaintiff all her right, title and interest in and to the agreement for sale, and it is agreed that the plaintiff has all the assignor's rights.

In September, 1908, the plaintiff demanded a deed and was told that he must pay the taxes and sewer assessments which had been paid by the defendants since the date of the payment of the last instalment of the principal. This the plaintiff refused to do and demanded the money paid for the conveyance; the defendants refused to return the money, and this action was brought.

Were it not for the fact, that the delay in demanding a con-

veyance or in insisting upon the defendants making an absolute refusal was excusable, it is possible that the vendee's right to rescind and with it the right to recover the money paid would have been barred.   Under the circumstances of this case the statute has not run.   *Codman* v. *Rogers,* 10 Pick. 111, 119, 120.   *Campbell* v. *Whoriskey,* 170 Mass. 63, 65.

The defendants further say that the plaintiff should not recover because he did not offer to repay the amount paid by them for taxes.   There is nothing in this contention.   The defendants had the premises and the use of the land and the plaintiff's money, and had agreed as a part of the contract for sale "to pay all taxes until deed is given."

In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $372.12.

*So ordered.*