MARY F. PRENDERGAST *vs.* MARGARET T. SEXTON.

Worcester.     September 28, 1932. — February 13, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Limitations, Statute of.     Contract,* Implied.     *Practice, Civil,* Auditor.

The report of an auditor to whom an action has been referred under an order that his findings of fact shall be final constitutes in effect a case stated, and procedure concerning it is governed by G. L. (Ter. Ed.) c. 231, § 126.

At the trial of an action of contract commenced in 1929 to recover the
value of real estate which the plaintiff in 1909 had conveyed to the
defendant without consideration upon the defendant's oral promise
to reconvey it on request of the plaintiff, the defendant relied upon
the statute of limitations as a bar; and it appeared that, shortly
after the conveyance and on many occasions thereafter, the plaintiff
had requested a reconveyance and that the defendant had promised
to comply; that in 1918, in response to such a request, the defendant
had refused reconveyance unless the plaintiff paid him a sum which,
he asserted, he had lent to the plaintiff or paid at his request, but
which had been neither so lent nor so paid; that in 1928 the defend-
ant had orally unconditionally promised to reconvey, and later in the
same year refused to do so. *Held,* that

(1) The defendant's refusal to reconvey in 1918 was not an abso-
lute and unconditional repudiation of his promise to reconvey and
did not cause the statute of limitations to begin to run;

(2) The statute did not begin to run until the repudiation in 1928,
and was not a bar to the action.

BILL IN EQUITY, filed in the Superior Court on May 10,
1929, and afterwards amended into an action of CONTRACT,
as stated in the opinion.

The action was referred to an auditor, whose findings of
fact were ordered to be final. Material facts found by
the auditor are stated in the opinion. Upon the filing of
the auditor's report, each party moved for judgment in
her favor upon the report. The motions were heard by
*Lummus,* J.; the defendant's motion was denied, and the
plaintiff's was allowed, and judgment was ordered for the
plaintiff in the sum of $3,500 and interest. The defend-
ant alleged exceptions, which, after *Lummus,* J., became a
member of this court, were allowed by *Macleod,* J.

*C. W. Proctor,* for the defendant.

*John J. Moynihan,* for the plaintiff.

CROSBY, J. This proceeding was originally brought by
bill in equity, filed May 10, 1929, to have the defendant
declared to be holding property located at number 43 Ab-
bott Street, Worcester, as trustee for the plaintiff. After
hearing, the bill was amended into an action at law to
recover the value of the property.

The action was referred to an auditor, whose findings
of fact were to be final. He found the following facts:
On November 4, 1909, the plaintiff, being fearful that she

might die in childbirth, conveyed the real estate to her sister, the defendant, for the protection of her children in the event that she did not survive confinement. The conveyance was without consideration. At that time the defendant orally agreed to hold the record title to the property for the plaintiff and to reconvey it when the plaintiff so requested. The plaintiff occupied one tenement of the property, paying no rent therefor, until October, 1931, when she was forced to vacate by reason of a decree of the Land Court to the effect that as she had elected to seek money damages in this action she had lost her right to occupy the premises. At all times prior to October, 1931, she collected the rents of the tenements, paid the taxes and mortgage interest, and had repairs and improvements made on the property at her own expense. On April 7, 1910, she was enabled by a gift of money from her mother to pay off a second mortgage on the property held by one Clarke. Within a few months after the conveyance to the defendant, a child having been born to the plaintiff, she requested a reconveyance. The defendant stated she would reconvey, but neglected to do so. On many occasions thereafter, as often as once a year, the plaintiff renewed her request, and on each occasion the defendant stated that she would comply with the request and intended to do so, but she always postponed making the conveyance. On or about May 1, 1918, in response to the plaintiff's request for a reconveyance, the defendant declined unless and until the plaintiff paid her approximately $1,200 which, the defendant alleged, she had lent the plaintiff or paid at her request to procure a discharge of the Clarke mortgage. On March 17, 1928, the defendant unconditionally agreed to reconvey the property to the plaintiff, but there was no writing to that effect. It was agreed in open court that between March 17, 1928, and the beginning of this suit, May 10, 1929, there was a refusal by the defendant to make the conveyance, and that the value of the property at that time was $8,000.

Both parties filed motions for judgment on the auditor's report. The trial judge denied the defendant's motion,

granted that of the plaintiff, and ordered judgment for the plaintiff in the sum of $3,500 plus interest — the value of the property less, $4;500, the amount of the first mortgage. The defendant excepted to the denial of her motion, and to the granting of the plaintiff's motion.

The report of the auditor under an agreement that his findings of fact shall be final constitutes in effect a case stated, and procedure concerning it is governed by G. L. (Ter. Ed.) c. 231, § 126, providing that "any court before which such case shall come . . . shall be at liberty to draw from the facts and documents stated in the case any inferences of fact that might have been drawn therefrom at a trial . . . ." *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. It is manifest from the auditor's report that the defendant had no right to impose a condition upon reconveyance of the property to the plaintiff. The auditor found that the Clarke mortgage was paid with money given to the plaintiff by her mother, and it is to be inferred that the defendant had nothing to do with such payment. Although the yearly requests of the plaintiff for a reconveyance were not complied with, the defendant on each occasion, except on May 1, 1918, expressed her willingness and intention to reconvey and thereby carry out her oral agreement. There were no circumstances to lead the plaintiff to believe she was required to resort to legal proceedings to enforce her rights. The defendant's refusal on May 1, 1918, was not a repudiation of her legal obligation to reconvey the property. It was a recognition of that obligation to reconvey if the plaintiff would pay to her approximately the sum of $1,200, which the defendant contended the plaintiff owed — a contention founded upon a groundless claim. There was no absolute and unconditional repudiation by the defendant of her promise to reconvey. The auditor found that on March 17, 1928, the defendant unconditionally agreed to convey the property to the plaintiff. It follows that the statute of limitations did not begin to run until that date, and is not a bar to recovery. *Ryder* v. *Loomis*, 161 Mass. 161, 163. *Cromwell* v. *Norton*, 193 Mass. 291, 293. *Fletcher* v. *Storer*, 220 Mass. 245. *Raine*

*v. Shea,* 259 Mass. 412, 415.   As the statute of limitations is not a bar to the action, and is the only defence argued before this court, the judgment must be affirmed.

*Exceptions overruled.*