WILLIAM B. KENT & others,[1] trustees, vs.
THOMAS H. DUPREE & others.[2]

Middlesex.   November 16, 1981. — January 11, 1982.

Present: HALE, C.J., BROWN, & SMITH, JJ.

*Limitations, Statute of.  Fraud.*

An action for misrepresentation based on allegedly false statements by a
    lessee of certain land, made for the purpose of inducing the lessors to
    subordinate their fee interest in the land to mortgages securing an in-
    creased amount for financing construction and other improvements to
    the property, was barred by the statute of limitations, where the plain-
    tiffs should reasonably have learned of the alleged misrepresentation
    at the time it occurred or shortly thereafter and failed to commence
    their action within three years.  [45-47]

CIVIL ACTION commenced in the Superior Court on April 4,
1978.

The case was heard by *Meyer*, J., on motions for sum-
mary judgment.

*Susan H. English* for the plaintiffs.

*Michael S. Greco* for Thomas H. Dupree, & others.

*James F. O'Brien* for BayBank Harvard Trust Company.

SMITH, J.   The plaintiffs, trustees of the Leonard Trust,
brought this action on April 4, 1978, claiming fraudulent
misrepresentations by the defendants.   After responsive
pleadings were filed, the defendants moved for summary
judgment.   Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974).
One of the grounds cited in the motions was the statute of

---

[1] Gale L. Raphael and Michael J. Coyne, trustees of the Leonard Trust.

[2] Frederick Dupree, Putnam Circle Associates and BayBank Harvard
Trust Company.   Thomas H. Dupree and Frederick Dupree are the gen-
eral partners of the Putnam Circle Associates.

limitations. A judge allowed the motions, and the plaintiffs appealed from the ensuing judgment. We affirm the judgment.

Under Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553 (1976). In the instant case the judge had before him the pleadings, answers to interrogatories and a deposition of the attorney representing the plaintiffs at the time of the alleged misrepresentations.[3] From these papers, the following uncontroverted material facts emerge. The plaintiffs, as trustees of the Leonard Trust, leased land to Putnam Associates (Putnam), a limited partnership. Under the terms of the lease, Putnam agreed to construct an office building on the land and the trust agreed to subordinate its fee interest in the land to mortgages obtained by Putnam from BayBank Harvard Trust Company (bank) for construction and permanent financing of improvements to the property. It was agreed in the lease that the trust's subordination of its fee to Putnam's financing would not exceed the development costs for the construction of the building. According to the lease, development costs could include "expenses for site work, construction, legal, architectural and engineering fees, mortgaging costs and fees, leasing and construction management fees and all other items normally capitalized as development costs." On May 24, 1973, a mortgage and security agreement were executed whereby the trust subordinated its fee to secure payment to the bank of a loan in the amount of $1,580,034. On three subsequent occasions, the

---

[3] Affidavits were filed by the defendants and an affidavit of the plaintiffs' trial attorney was also filed. None of the affidavits involved facts as to the statute of limitations.

last being January 23, 1975,[4] the trust agreed to increase the loan amount to which its fee was subordinated in order to cover additional development costs that Putnam stated that it had incurred.

The complaint focused on the events that occurred on January 23, 1975. The complaint alleged that the trust increased its subordination of its fee by $420,000 on that date in reliance upon false representations made by Putnam and the bank that development costs had further increased by that amount when, in fact, Putnam had wrongfully included in the development costs money used by Putnam to obtain other property for purposes of providing parking for the office building constructed by Putnam. There is no dispute that the alleged misrepresentation if it occurred took place on January 23, 1975. On that date, the undisputed facts show that the attorney for Putnam submitted to the attorney for the trust a request for an increase of its subordination by $420,000. In the written request, it was specifically mentioned that the additional $420,000 would be used "in connection with the building and *attendant parking areas* being developed" by Putnam (emphasis supplied). On January 23, 1975, the plaintiffs were represented by an attorney with over fifty years of experience in real estate law. In addition, the attorney was a trustee of the trust. He was actively involved in the project and was familiar with all the provisions of the lease. He was aware of the definition of "development costs" in the lease and had on one prior occasion challenged the inclusion of an item by Putnam in the development costs. He was acquainted with the bank officer supervising the financing and had been specifically invited to verify development costs with him. The plaintiffs' attorney discussed the modification with the managing agent of the trust and that attorney was expressly author-

---

[4] All parties at various times refer to a date of January 22, 1975. It appears that the modification of the mortgage and security agreement is dated January 22, 1975, and was apparently signed on January 23, 1975. The difference in dates plays no part in our decision and we use the January 23 date.

ized to execute the modification for and on behalf of the trust.

Fraudulent misrepresentation, an action sounding in tort, is subject to a three-year statute of limitations after the cause of action accrues. G. L. c. 260, § 2A. In this type of action, a cause of action accrues at the time a plaintiff learns or reasonably should have learned of the misrepresentation. See *Friedman* v. *Jablonski*, 371 Mass. 482, 485-486 (1976); *Duco Associates* v. *Lipson*, 11 Mass. App. Ct. 935, 936 (1981). In the complaint filed April 4, 1978, the plaintiffs state that the misrepresentations were "recently discovered." However, on the basis of the uncontroverted facts as to the January 23, 1975, modification, we hold that the plaintiffs reasonably should have learned about the alleged misrepresentation on or very shortly after that date. There was nothing in regard to the alleged misrepresentation that made it "inherently unknowable." The words "attendant parking areas" were apparent in the document before the plaintiffs' attorney and he had ample opportunity to inquire further concerning the defendants' representation that increased development costs had been incurred for that purpose. This case does not involve a fiduciary relationship between the plaintiffs and the defendants. It was an arm's-length transaction, at least between the plaintiffs and Putnam; and there was no fiduciary relationship between the plaintiffs and the bank. The plaintiffs do not allege fraudulent concealment; therefore, the statutory period cannot be extended by G. L. c. 260, § 12.

Because there is no genuine issue as to any material fact, and because the uncontroverted material facts show that this action was brought months after the three-year period in which it should have been brought, the defendants were entitled, as matter of law, to summary judgment.

*Judgment affirmed.*