LEONA FOX BARBER vs. ALDEN E. FOX & another.[1]

No. 92-P-380.

Middlesex. May 11, 1993. - May 20, 1994.

Present: ARMSTRONG, JACOBS, GREENBERG, JJ.

*Limitations, Statute of. Contract,* Sale of real estate, Performance and breach. *Frauds, Statute of.*

An action seeking specific performance of an oral agreement to convey land was not barred by the six-year statute of limitations, G. L. c. 260, § 2, applicable to contracts, where the contract was subject to performance on demand and the breach did not occur until the demand was repudiated and where, in the circumstances, including the fact that the parties were siblings, a delay of nearly twenty years before demand for performance was made was not unreasonable. [527-529]

Claims in a civil action, although sounding in tort (fraud and breach of fiduciary duty), were in essence contractual, arising from a claim for recovery in contract on an oral agreement to convey land; as such, all claims were governed by the limitations period for contracts (six years) and had the same time of accrual. [529]

Provisions of the Statute of Frauds did not bar a claim seeking specific performance of an oral agreement to convey land, where the plaintiff had, in reliance on the agreement, irretrievably changed her position by conveying to the defendants her undivided interest in her family's farm which could not be returned to her. [530-531]

An oral agreement to convey land was not unenforceable for indefiniteness, where the location and size of the parcel were determinable and the time for conveyance would impliedly be within a reasonable time after demand. [531]

CIVIL ACTION commenced in the Superior Court Department on September 25, 1989.

The case was heard by *Paul A. Chernoff,* J., on a motion for summary judgment, and a motion to alter and amend the judgment was heard by him.

---

[1]Esther M. Fox, the wife of Alden, who was added as a party by amendment.

*David L. Chamberlain* for the plaintiff.

*Douglas E. Hausler* for the defendants.

ARMSTRONG, J. On September 25, 1989, Leona Fox Barber sued her brother, Alden E. Fox, seeking specific performance of an oral agreement to convey real property, and damages and other relief for fraud and breach of fiduciary duty. A Superior Court judge allowed the defendants' motion for summary judgment, ruling that Leona's claims were barred by the statute of limitations.[2] Leona appeals from the ensuing judgment of dismissal.

Taken in the light most favorable to Leona, the submissions before the court showed this factual setting. Archer D. Fox, who was the father of Alden and Leona, owned a farm in Dracut jointly with his sister Marjorie I. Fox Baxter. When Archer died intestate in 1968, his heirs were his wife, Mabel, and their eight children, including Alden and Leona. Wishing to unify ownership of the farm, Alden made agreements to purchase the shares owned by his aunt, mother, and six of his siblings. Leona discussed with Alden her desire to obtain a particular lot, described as "the knoll in the hog field," with a view to building a house at some later time. They agreed that Leona would convey to Alden her undivided share of the farm, and, in exchange, he would, at some future time, convey to her the knoll in the hog field, or, by agreement, a substitute parcel. The land was not to be conveyed to Leona immediately, both because she was involved in marital difficulties and wished to insulate the Dracut property from any ensuing property settlement and because Alden's development plans for the farm might affect her choice of parcel.

A deed, executed by all owners except Alden on September 30, 1969, transferred the fee in the farm to Alden and

---

[2]Because the judge dismissed on the basis of the statute of limitations, he did not have to consider the other grounds put by the defendants for dismissal of the action, the Statute of Frauds and that the agreement was too indefinite to be enforceable.

his wife as tenants by the entirety.[3] Leona was the only grantor who did not receive monetary compensation for her share. Over the next nineteen years, Leona often discussed "her land" on the farm with Alden and his wife. Although complaining of the expenses involved in subdividing, they never disavowed the agreement.

The death of Leona's and Alden's mother, Mabel, on January 16, 1987, marked the start of family discord, focusing at first on the division of property under Mabel's will. Amid that tension, Leona, by letter dated December 23, 1988, demanded that Alden and his wife fulfil their agreement to transfer to her.

Alden refused, instead tendering on January 29, 1989, a money order for $762.40, Leona's share of the 1969 purchase price (without interest), which Alden claimed to have held at Leona's request for nearly twenty years. Alden acknowledges that he had not segregated the money nor in any other way distinguished it from his personal funds.

1. *Statute of limitations.* The general rule is that a contract action must be brought within six years after the cause of action accrues. G. L. c. 260, § 2. The action accrues at the time the contract is breached. *Frank Cooke, Inc.* v. *Hurwitz*, 10 Mass. App. Ct. 99, 106 (1980). *International Mobiles Corp.* v. *Corroon & Black/Fairfield & Ellis, Inc.*, 29 Mass. App. Ct. 215, 221 (1990). As this was a contract subject to performance on demand, Alden could not have committed a breach prior to Leona's request for the transfer of the knoll parcel, unless prior to that time he clearly and unequivocally repudiated his obligation. *Delorafano* v. *Delafano*, 333 Mass. 684, 688 (1956). *Gordon* v. *Southgate Park Corp.*, 341 Mass. 534, 537-538 (1960). See also *Thermo Electron Corp.* v. *Schiavone Constr. Co.*, 958 F.2d 1158, 1164 (1st Cir. 1992). No repudiation occurred until January 29, 1989, and, as the action was filed within eight months thereafter, well within the statutory limitations pe-

---

[3]Since Alden did not join in the deed as a grantor, it seems he retained sole ownership of the one twenty-fourth undivided interest in the farm that he had inherited.

riod, the critical question is whether the cause of action was lost because Leona failed to demand performance within a reasonable time.

The governing principles in evaluating whether the delay was reasonable are set out in *Campbell* v. *Whoriskey*, 170 Mass. 63, 67 (1898):

> "[T]he true principle is that the time when the demand must be made depends upon the construction to be put upon the contract in each case. If the contract requires a demand without language referring to the time when the demand is to be made, it is as if the words 'within a reasonable time' were found in it. What is a reasonable time is a question of law, to be determined in reference to the nature of the contract and the probable intention of the parties as indicated by it. Where there is nothing to indicate an expectation that a demand is to be made quickly, or that there is to be delay in making it, . . . the time limited for bringing such an action after the cause of action accrues should ordinarily be treated as the time within which a demand must be made."

See also *Warren* v. *Ball*, 341 Mass. 350, 352-354 (1960).

The defendants, citing numerous cases dealing with commercial sales of land, argue that where real estate is concerned twenty years is, as matter of law, an unreasonably lengthy delay. They assert that no Massachusetts case ever has held to be seasonable a demand to convey real property made some twenty years after the date of the underlying agreement. Whatever may be the case with regard to commercial transactions, no such absolute stricture applies to land contracts within the family, where profit is not the primary consideration. For example, in *Cromwell* v. *Norton*, 193 Mass. 291, 292-293 (1906), the defendant had agreed in 1880 to convey certain real estate to her brother upon his demand, and, although he first made a demand in 1902, the court held that the limitations period did not commence until that demand was refused. See also *Young* v. *Reed*, 6 Mass. App. Ct. 18, 22 (1978) (twenty-four year delay). Compare

*Prendergast* v. *Sexton*, 282 Mass. 21, 23-24 (1933) (property held by plaintiff's sister for twenty years under oral agreement to reconvey; lawsuit brought in twentieth year was timely); *Warren* v. *Ball*, *supra* at 354 ("where elements of a trust are involved, there often would be no reason for the bailor or beneficiary to assert his rights with the promptness required in ordinary commercial transactions").

Leona has produced sufficient evidence to show, at least for purposes of this summary judgment motion, "an intention of the parties that their arrangement should continue into the future for a considerable time before the plaintiff would be expected to demand [performance]." *Campbell* v. *Whoriskey*, 170 Mass. at 67. Both of the initial reasons why Alden was to hold the property — Leona's potential marital difficulties and Alden's uncertain development plans — tend to negate the expectation of an early demand. And such an expectation is completely ruled out by the later discussions in which, Leona claims, Alden and Esther urged her to forbear from demanding a deed, because of the expenses of subdivision. Compare *Fletcher* v. *Storer*, 220 Mass. 245, 246-247 (1915). Alden's reaction to Leona's 1988 letter is also of significance since it demonstrates that her request at that late date was not unanticipated. Alden forcefully disputed the notion that he had agreed to hold real estate for Leona but made no comment at all on the timing of her demand.

For purposes of summary judgment, therefore, it cannot be ruled that Leona's claim in count one for recovery on the contract is barred by the statute of limitations. The same limitations period and time of accrual govern her claim in count four for restitution. See, e.g., *Sliski* v. *Krol*, 361 Mass. 313, 315 (1972). Although the claims in counts two (fraud) and three (breach of fiduciary duty) sound in tort, the essence of each claim is the complaint that Alden and Esther have failed to do as they promised. Since the "gist of the action" is contractual, the contract period of limitations applies to each claim. *Kagan* v. *Levenson*, 334 Mass. 100, 103 (1956). *Hendrickson* v. *Sears*, 365 Mass. 83, 85 (1974).

2. *Statute of Frauds.* The defendants rely on the Statute of Frauds to bar performance of the oral contract,[4] disputing that the letter written to Leona by Alden in June, 1969, satisfies the Statute's requirement of some writing, signed by the party to be charged, that shows the promise, contract or agreement upon which the action is brought. G. L. c. 259, § 1. Irrespective of the sufficiency of the letter, which we do not decide, the Statute of Frauds, on the facts taken in the light most favorable to Leona, does not bar the contract claim.

"A contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement." Restatement (Second) of Contracts § 129 (1979), quoted in *Hickey* v. *Green*, 14 Mass. App. Ct. 671, 673 (1982). This rule applies with particular force where the plaintiff has already provided consideration consisting, at least in part, of an interest in land. A case in point is *Orlando* v. *Ottaviani*, 337 Mass. 157 (1958), where the plaintiffs and defendant were competing to purchase a piece of property on which the plaintiffs enjoyed a right of first refusal. The plaintiffs agreed to waive their option in exchange for the defendant's oral promise to sell them a small portion of the property, but once the defendant obtained the land he refused to honor his agreement. Because the plaintiffs' detrimental change in position was "exclusively referable" to the oral agreement, and left them no adequate remedy other than specific performance, the defendant was estopped from setting up the Statute of Frauds. *Id.* at 161.

---

[4]In no event would the Statute of Frauds bar the claims in count three, for breach of fiduciary duty, or count four, for restitution. See *Cromwell* v. *Norton*, 193 Mass. at 292-293 (restitution); *Kemp* v. *Kemp*, 248 Mass. 354, 357-358 (1924) (restitution); *Sullivan* v. *Rooney*, 404 Mass. 160, 163 (1989) (fiduciary duty); *Rudow* v. *Fogel*, 12 Mass. App. Ct. 430, 433, 439 (1981) (both).

It is undisputed that Leona irretrievably changed her position by conveying to the defendants her inherited undivided interest in the family farm. Because Alden has since conveyed away part of the property, Leona's inheritance as such cannot be returned to her. And, on the facts alleged by Leona, she may have been "placed in [her] present situation by conduct of [the defendants] which amounts to fraud." *Ibid.*[5]

3. *Indefinite agreement.* The defendants finally argue that their agreement with Leona is unenforceable because it does not embody an ultimate determination as to what parcel of land Leona would receive, nor as to when the parcel must be conveyed. It is immaterial that the parties had made no final decision on the parcel, for the defendants promised to convey the knoll in the hog field if Leona so chose.[6] As to the time of performance, the law implies an obligation to perform within a reasonable time. *Tzitzon Realty Co.* v. *Mustonen,* 352 Mass. 648, 654 (1967). *A. B. C. Auto Parts, Inc.* v. *Moran,* 359 Mass. 327, 329 (1971).

*Judgment reversed.*

---

[5]If, as Alden asserts in his affidavit and deposition testimony, he never intended to transfer any part of the farm to Leona, then his promise to do so, by which Leona claims he induced her to convey over her inheritance, would be fraud.

[6]The parties had discussed the size of the potential parcel, and Alden and Esther were bound to negotiate in good faith in determining the boundaries. See *Anthony's Pier Four, Inc.* v. *HBC Assocs.,* 411 Mass. 451, 473 (1991), and cases cited.