F. Patricia CALLAHAN, Plaintiff,

v.

WELLS FARGO & COMPANY aka Wells Fargo Bank, N.A., Successor in Interest to Wachovia Corporation, Successor in Interest to First Union National Bank, N.A., and Wachovia Corporation,[1] Defendants.

Civil Action No. 09–12207–MBB.

United States District Court, D. Massachusetts.

Nov. 1, 2010.

1. The above caption is taken from the caption of the complaint. Pursuant to Rule 10(a), Fed.R.Civ.P., "The title of the complaint must name all the parties." *See Dorsey v. Bunkley,* 2009 WL 3241639, *4 (D.R.I. Oct. 5, 2009). The caption names Wells Fargo & Company as the equivalent of Wells Fargo Bank, N.A.

F. Patricia Callahan, Front Royal, VA, pro se.

David M. Bizar, Seyfarth Shaw, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER RE: MOTION TO DISMISS (DOCKET ENTRY # 11)

BOWLER, United States Magistrate Judge.

Pending before this court is a motion to dismiss filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo").[2]  (Docket En-

2.  The caption and the body of the complaint identify Wells Fargo & Company as a defendant.  (Docket Entry # 2).  Wells Fargo Bank, N.A. filed the motion to dismiss and a corporate disclosure statement explaining that Wells Fargo Bank, N.A. is the correct party.  (Docket Entry ## 7 & 11).

try # 11). The complaint sets out a breach of contract claim against Wells Fargo and defendant Wachovia Corporation ("Wachovia") (collectively: "defendants") and seeks recovery of $88,000 in falsely endorsed checks. (Docket Entry # 2). Pro se plaintiff F. Patricia Callahan ("plaintiff") opposes the motion to dismiss. (Docket Entry # 14). On October 21, 2010, this court held a hearing and took the motion (Docket Entry # 11) under advisement.

## PROCEDURAL HISTORY

Plaintiff filed the complaint against defendants on December 29, 2009, seeking to recover $88,000 paid out on unauthorized endorsements.[3] (Docket Entry # 2). Wells Fargo argues that the breach of contract claim is subject to dismissal because the statute of limitations period has expired. (Docket Entry # 12).

Plaintiff submits that the complaint provides sufficient facts to demonstrate a viable breach of contract claim. (Docket Entry # 14). According to plaintiff, the claim is not time barred because Wells Fargo fraudulently concealed important information. (Docket Entry # 14). Plaintiff argues that this concealment tolled the limitations period. (Docket Entry # 14). Plaintiff also contends that Wells Fargo Bank, N.A. is not the proper party as identified in the complaint and that the correct party is Wells Fargo & Company. (Docket Entry # 14).

Wells Fargo asserts that plaintiff had notice of the alleged breach for a period of time exceeding the six year limitations period even if there was fraudulent concealment. (Docket Entry # 19). In addition, Wells Fargo contends that it is the appropriate party to respond to the complaint and filed a corporate disclosure statement to elucidate this point. (Docket Entry ## 7 & 19).

## STANDARD OF REVIEW

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), Fed. R.Civ.P. ("Rule 12(b)(6)"), it "accept[s] as true all well pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiffs." *Gargano v. Liberty International Underwriters, Inc.,* 572 F.3d 45, 48 (1st Cir.2009). "The general rules of pleading require a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* "This short and plain statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.*

"To survive a motion to dismiss, the complaint must allege 'a plausible entitlement to relief.'" *Fitzgerald v. Harris,* 549 F.3d 46, 52 (1st Cir.2008). While "detailed factual allegations" are not required, "a plaintiff's obligation to provide 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Thomas v. Rhode Island,* 542 F.3d 944, 948 (1st Cir.2008). Additionally, "a well pleaded complaint may succeed even if ... actual proof of those facts is improbable." *Bell Atlantic v. Twombly,* 550 U.S. at 556, 127 S.Ct. 1955; *see Trans–Spec Truck Service, Inc. v. Caterpillar Inc.,* 524 F.3d 315, 320

3. Plaintiff previously filed this suit in the United States District Court for the District of Columbia on January 29, 2009, but it was voluntarily dismissed. (Docket Entry # 12, Ex. A). Wachovia was dismissed with prejudice from this prior lawsuit. (Docket Entry # 12, Ex. B).

(1st Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 500, 172 L.Ed.2d 359 (2008).

This court's review is confined to the complaint. In evaluating a Rule 12(b)(6) motion, a court may also "consider 'documents the authenticity of which are not disputed by the parties'" as well as "'documents central to the plaintiffs' claim'" and "'documents sufficiently referred to in the complaint.'" *Curran v. Cousins,* 509 F.3d 36, 44 (1st Cir.2007); *see also Trans–Spec Truck Service, Inc. v. Caterpillar Inc.,* 524 F.3d at 321–322; *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993).

■ Plaintiff attached multiple exhibits to the complaint. (Docket Entry # 2). It is appropriate to consider the exhibits because each is referenced in and attached to the complaint. Moreover, Wells Fargo had an opportunity to dispute the authenticity of the attached documents in the memorandum supporting the motion to dismiss. (Docket Entry # 12).

■ Instead of asserting a limitations defense in the answer, Wells Fargo alternatively asserts the defense in the motion to dismiss. (Docket Entry # 11). Nonetheless, it is appropriate to consider the defense under a Rule 12(b)(6) motion. *See, e.g., Corliss v. City of Fall River,* 397 F.Supp.2d 260, 263 (D.Mass.2005); *Springfield Library & Museum Ass'n, Inc. v. Knoedler Archivum, Inc.,* 341 F.Supp.2d 32, 36 (D.Mass.2004) (allowing consideration of limitations defense in a Rule 12(c) motion); *Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co.,* 428 Mass. 600, 703 N.E.2d 217, 219 (1998).

### FACTUAL BACKGROUND

In 1998, $102,000 was withdrawn from the joint brokerage account owned by plaintiff and her father, who has since died. (Docket Entry # 2). The account was maintained at the Wellesley office of Dean Witter Reynolds, Inc. ("Dean Witter"), a brokerage firm. (Docket Entry # 2). These funds were withdrawn through four checks, each requiring the endorsement of both account owners. (Docket Entry # 2). On three of the checks, which were accepted by Fleet Bank ("Fleet"), plaintiff's endorsement was forged. (Docket Entry # 2, Ex. 1). On the fourth check, accepted by the Bank of Boston, plaintiff's endorsement was missing. (Docket Entry # 2, Ex. 1). All four checks "were Dean Witter checks, drawn on their bank, First Union National Bank" ("First Union").[4] (Docket Entry # 2, Ex. 1).

During an arbitration proceeding, Dean Witter claimed that it was not responsible or liable for recovering the funds and that plaintiff's proper recourse was against First Union. (Docket Entry # 2, Ex. 7). Plaintiff sent multiple demand letters and loss recovery forms to First Union requesting recovery of the funds. (Docket Entry # 2, Ex. 2, 4, 5 & 8). First Union recovered $14,000 from the Bank of Boston on the check lacking plaintiff's endorsement and deposited it back into the joint brokerage account. (Docket Entry # 2). Plaintiff continued efforts to recover the remaining $88,000 from Fleet through correspondence with First Union. (Docket Entry # 2).

On January 29, 2003, First Union sent plaintiff a letter denying the remaining claim of $88,000. (Docket Entry # 2, Ex. 9). In no uncertain terms, the letter recommended filing suit against Dean Witter and plaintiff's father to recover the funds.

---

**4.** First Union was taken over by Wachovia, which was later acquired by Wells Fargo. (Docket Entry # 2). Thus, the allegations against First Union are directed against defendants Wells Fargo and Wachovia.

(Docket Entry # 2, Ex. 9). Another letter from the loss management department of First Union, dated February 3, 2003, reaffirmed the denial of the claim. (Docket Entry # 2, Ex. 10). Plaintiff remained unconvinced of such denial due to inconsistencies, such as First Union's prior recovery efforts. (Docket Entry # 2). Plaintiff responded to these letters, disputing the findings and rationale of First Union, requesting further explanation and continuing to demand recovery of the funds. (Docket Entry # 2, Ex. 11, 12 & 15).

On July 16, 2003, plaintiff received a response First Union, now Wachovia, obtained from Fleet in July 1998 stating "that the three checks were being returned unpaid." (Docket Entry # 2, Ex. 14). On August 6, 2003, plaintiff received a third letter reaffirming the denial of the claim. (Docket Entry # 2, Ex. 16). Plaintiff sent a letter to Wachovia on December 18, 2003, reiterating the right to recovery and asserting a new claim of fraudulent concealment. (Docket Entry # 2, Ex. 17). Wachovia responded with a letter denying recovery on December 31, 2003, and attaching the three prior letters that notified plaintiff of the denial. (Docket Entry # 2, Ex. 18).

## DISCUSSION

Wells Fargo contends that the claim set forth in the complaint is subject to Rule 12(b)(6) dismissal because it is frivolous and fails to articulate a breach of contract action. (Docket Entry # 12). The proper defendant to respond to the complaint, Wells Fargo argues, is Wells Fargo Bank, N.A. and not Wells Fargo & Company. (Docket Entry # 11). Moreover, Wells Fargo suggests that the allegations in the complaint are time barred. (Docket Entry # 12). Accordingly, Wells Fargo argues that even if the court determines that this is an appropriate breach of contract action,

plaintiff had notice of the breach no later than February 4, 2003, upon receiving the January 29th letter denying recovery. (Docket Entry # 12). Thus, Wells Fargo contends the six year statute of limitations had run before plaintiff filed this action on December 29, 2009. (Docket Entry # 12).

■ A court can identify the proper party to a suit through analysis and examination of the allegations set forth in the body of the complaint. *See Scipar Inc. v. Chubb Corp.*, 2010 WL 3894982, *2 (W.D.N.Y. Sept. 30, 2010) (where the court determined the proper party, based on the plaintiff's intentions, apparent in the complaint). Although "an improper defendant is indicated in the caption, we may consider a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.'" *Barsten v. Dept. of the Interior*, 896 F.2d 422 (9th Cir.1990). Once the proper party is identified, the court may turn to the substantive legal issues in the case.

■ If the limitations period has run, a court need not consider other arguments of the defendants in order to dismiss an action. *See Barber v. Fox*, 36 Mass.App. Ct. 525, 632 N.E.2d 1246, 1247 n. 2 (1994). Statutes of limitations serve as a means "to assure fairness to defendants." *Corliss v. City of Fall River*, 397 F.Supp.2d at 267. A limitations period encourages justice by preventing the revival of old claims. *Id.* at 267–68. "Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights." *Id.* at 268.

Where, as here, jurisdiction is by diversity, Massachusetts law applies. *See Zamboni v. Aladan Corp.*, 304 F.Supp.2d 218, 221 (D.Mass.2004); *accord Stone & Webster Engineering Corp. v. First Nat. Bank & Trust Co. of Greenfield*, 345 Mass. 1, 184

N.E.2d 358, 361 (1962); *Clarke v. Pierce,* 215 Mass. 552, 102 N.E. 1094, 1094 (1913). Under the Uniform Commercial Code ("UCC") regarding bank statements, a banking customer has a duty to discover and report any unauthorized[5] signatures or endorsements to the bank within one year.[6] *See* Mass. Gen. L. ch. 106, § 4–406 ("section 4–406"). As stated in section 4–406, "A customer who does not within one year ... discover and report the customer's unauthorized signature ... is precluded from asserting [it] against the bank." *Id.* Plaintiff complied with section 4–406 by notifying First Union of the unauthorized endorsements in 1998. Plaintiff seeks to recover these funds because, "The drawer has a right to insist that the drawee re-credit his account with the amount of any unauthorized payment." *Stone & Webster Engineering Corp. v. First Nat. Bank & Trust Co.,* 184 N.E.2d at 363.

■ Massachusetts law sets a six year limitations period for a breach of contract claim which begins after "the [cause of action] accrues." Mass. Gen. L. ch. 260, § 2; *see also Cambridge Plating Co., Inc. v. Napco, Inc.,* 991 F.2d 21, 23 (1st Cir. 1993). A claim is considered a contract claim if "the 'gist of the action' is contractual" and in such circumstances "the contract period of limitations applies to each claim." *Barber v. Fox,* 632 N.E.2d at 1248. In some situations, "however, when the gravamen of the complaint is that the defendant caused the plaintiff personal injury" a shorter limitations period of three years applies. *See Pagliuca v. City of Boston,* 35 Mass.App.Ct. 820, 626 N.E.2d 625, 628 (1994); *see also* Mass. Gen. L. ch. 260, § 2–2A.

■ The limitations defense is an affirmative defense where the initial burden of proof rests on the defendants. *See Fay v. Aetna Life Ins. & Annuity Co.,* 307 F.Supp.2d 284, 290 (D.Mass.2004). The defendants must demonstrate that "the causes of action 'accrued' outside the limitations period, and then establish that the running of the statute of limitations was not tolled." *Id.* at 293. The burden thereafter shifts to the plaintiff to prove the "claim is not time barred." *Zamboni v. Aladan Corp.,* 304 F.Supp.2d at 223; *accord Breen v. Burns,* 280 Mass. 222, 182 N.E. 294, 296 (1932). In order to discern whether the plaintiff has met the burden, "the Court must make the determination whether the plaintiff has established ... '(1) knowledge or sufficient notice that she was harmed by defendant and (2) knowledge or sufficient notice of what caused that harm.'" *Shahzade v. Gregory,* 930 F.Supp. 673, 675 (D.Mass.1996); *see Fay v. Aetna Life Ins. & Annuity Co.,* 307 F.Supp.2d at 290.

■ While Massachusetts law sets out a six year statute of limitations for breach of contract claims, "determining when claims accrue 'has long been the product of judicial interpretation.'" *Cambridge Plating Co., Inc. v. Napco, Inc.,* 991 F.2d at 25. When a cause of action arises for breach of contract, it accrues at the time of the breach. *See Berkshire Mut. Ins. Co. v. Burbank,* 422 Mass. 659, 664 N.E.2d 1188, 1189 (1996); *Boston Towboat Co. v. Medford Nat. Bank,* 232 Mass. 38, 121 N.E. 491, 493 (1919). "Prior to the time when the contract is violated there is no justicia-

---

**5.** An unauthorized endorsement describes both missing endorsements and forged endorsements. *See Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co.,* 703 N.E.2d at 219.

**6.** The drafters of the UCC created this time limit to ensure finality in check fraud litigation. *See* Mass. Gen. L. ch. 106, § 4–406(f); *Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co.,* 703 N.E.2d at 220.

ble controversy, and it would be illogical to let the statute of limitations for bringing an action begin to run before the action can be brought." *Berkshire Mut. Ins. Co. v. Burbank,* 664 N.E.2d at 1189.

The "discovery rule" is a "judicially created tool for ensuring fairness" and it stipulates that, " 'a cause of action does not accrue until a plaintiff discovers, or reasonably should have discovered, that she may have been injured as a result of the defendant's conduct.' " *Cambridge Plating Co., Inc. v. Napco, Inc.,* 991 F.2d at 25; *see* Mass. Gen. L. ch. 260, § 1; *see, e.g., Fay v. Aetna Life Ins. & Annuity Co.,* 307 F.Supp.2d at 290; *Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co.,* 703 N.E.2d at 219; *Bowen v. Eli Lilly & Co., Inc.,* 408 Mass. 204, 557 N.E.2d 739, 741 (1990). The purpose of the discovery rule is to assess "when a cause of action accrues, and thus when the statute of limitations starts to run." *Bowen v. Eli Lilly & Co., Inc.,* 557 N.E.2d at 741; *accord Zamboni v. Aladan Corp.,* 304 F.Supp.2d at 224. The burden lies on the plaintiff to show that the discovery rule applies. *See Zamboni v. Aladan Corp.,* 304 F.Supp.2d at 224.

The statute of limitations may be extended on the basis of fraudulent concealment. *See Fay v. Aetna Life Ins. & Annuity Co.,* 307 F.Supp.2d at 291 n. 19 (noting that where there is a duty of full disclosure to the plaintiff and information is withheld, the limitations period is tolled until the plaintiff discovers the information); *accord Stetson v. French,* 321 Mass. 195, 72 N.E.2d 410, 411–12 (1947) (stating that in a breach of contract action, fraudulent concealment delays the start of the limitations period). In such circumstances, "the period prior to the discovery of his cause of action . . . shall be excluded in determining the time limited for the commencement of the action." Mass. Gen. L. ch. 260, § 12. Although "ordinarily mere silence is not fraudulent concealment," there are occasions in which "mere failure to reveal may be fraudulent where there is a duty to reveal." *Stetson v. French,* 72 N.E.2d at 412.

The complaint states that Wells Fargo owes plaintiff $88,000 as promised by First Union, the "financial institution, which defendants acquired," for unauthorized endorsements drawn on the joint account. (Docket Entry # 2). The complaint also states that Wells Fargo fraudulently concealed information from plaintiff regarding efforts to recover funds from Fleet. (Docket Entry # 2). In pertinent part, the complaint states that Wells Fargo's recovery efforts halted with the "reply it had received from Fleet Bank questioning Plaintiff's ownership rights in the brokerage account." (Docket Entry # 2). The complaint states that this "allegation could have been quickly and easily refuted" by sharing this information with the plaintiff. (Docket Entry # 2).

It is evident in the body of the complaint that the intended defendant is Wells Fargo Bank, N.A. due to the description "successor in interest to First Union National Bank, N.A." combined with the information presented in the corporate disclosure statement. (Docket Entry ## 2 & 7). The complaint explicitly refers to the defendant as the financial institution which acquired First Union. According to the corporate disclosure statement, this institution is Wells Fargo Bank, N.A., not the bank holding company and parent corporation, Wells Fargo & Company. (Docket Entry # 7). Thus, Wells Fargo Bank, N.A. is the correct party to this suit instead of Wells Fargo & Company.

While the details provided in the complaint are specific in nature, they do not demonstrate an express contract with

Wells Fargo. A breach of contract action is not referenced by plaintiff until the memorandum of opposition to the motion to dismiss. (Docket Entry # 14). Whether the complaint adequately sets forth an implied contract between the parties need not be addressed because the claim will still fail under the statute of limitations for breach of contract actions.

■ Plaintiff attempts to set forth a valid breach of contract claim against Wells Fargo and contends that the breach occurred when Wells Fargo denied the demand for recovery of the funds. The complaint concedes that plaintiff became aware of the breach on February 4, 2003, upon receiving the letter from Wells Fargo dated January 29, 2003. (Docket Entry # 2, Ex. 9). The statute of limitations for the breach of contract claim began to run on this date because plaintiff was aware of the $88,000 loss and that Wells Fargo caused that loss by First Union's refusal to pay the $88,000. *See Shahzade v. Gregory,* 930 F.Supp. 673, 675 (D.Mass.1996); *see also Fay v. Aetna Life Ins. & Annuity Co.,* 307 F.Supp.2d at 290. As in *Fay,* the limitations period began once plaintiff was aware of a breach in a contractual duty and not at the time of personal injury. The letter of denial was further supplemented by two additional letters from Wells Fargo repeating that recovery was denied. (Docket Entry # 2, Ex. 10 & 16).

Though the complaint illustrates that plaintiff refused to accept these negative responses as valid, sufficient facts are not provided to justify waiting for the fourth denial on December 31, 2003, for plaintiff to recognize a breach of contract. As demonstrated in *Zamboni,* it is enough to have notice of the breach even if plaintiff cannot comprehend the full extent of the injury. Thus, even assuming that the complaint properly set out a breach of contract claim, plaintiff cannot succeed be-

cause the action was filed after the six year statute of limitations period expired.

■ The complaint demonstrates that plaintiff became aware of fraudulent concealment no later than December 18, 2003. (Docket Entry # 2). This court need not determine whether Wells Fargo fraudulently concealed its recovery efforts from plaintiff. Even if fraudulent concealment did cause the tolling of the statute of limitations, the tolling would only occur up to December 18, 2003. On that date, plaintiff acknowledges awareness of the fraudulent concealment in a letter to First Union. (Docket Entry # 2, Ex. 17). The six year limitations period began no later than December 18, 2003, and expired six years later, a date prior to the December 31, 2009, filing of the complaint.

Viewing the allegations set forth in the complaint in the light most favorable to plaintiff assumes that a proper breach of contract action was set out and that Wells Fargo fraudulently concealed information from plaintiff that it had a duty to reveal. Even so, at the latest the statute of limitations period expired by December 18, 2009, thereby barring this breach of contract action as to Wells Fargo.

## CONCLUSION

In accordance with the foregoing discussion, the motion to dismiss (Docket Entry # 11) is **ALLOWED.** The complaint is dismissed as to Wells Fargo. Remaining parties shall appear for a status conference on November 19, 2010 at 2:30 PM.