SUPERIOR COURT 
 
 WILLIAM I. KOCH; RENEGADE MANAGEMENT, INC.; AND NAUTICUS MARINA, INC. v. MARK CURLEY AND BRIDGE STREET MARINA, LLC

 
 Docket:
 2384CV02766-BLS2
 
 
 Dates:
 June 10, 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING DEFENDANTS’ MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
 
 

 Mark Curley used to work for William Koch and help to manage his assets, including through a family office company (Renegade Management, Inc.), and through a business that owned two commercial marinas and a wedding and events venue in Osterville, Massachusetts (Nauticus Marina, Inc.).
Plaintiffs allege that Curley mismanaged Nauticus to benefit Curley and his friends, fraudulently induced Koch to transfer one of the marinas in 2015 to an entity owned and controlled by Curley (Bridge Street Marina, LLC) by falsely promising to keep working for Koch for another 20 years, and launched a failed conspiracy to trick Koch into transferring the second marina “on dramatically below-market terms.”
Koch and Nauticus have sued Curley and Bridge Street for fraudulent inducement, breach of contract, and unjust enrichment. In addition, all three plaintiffs have also sued Curley for breach of fiduciary duty.
Curly and Bridge Street have moved for partial judgment on the pleadings as to the first three of these claims. The Court will deny this motion because the factual allegations in the complaint plausibly suggest that Curley and Bridge Street may be liable on any or all of these theories.
Motions for judgment on the pleadings under Mass. R. Civ. P. 12(c) are governed by the same legal standards as motions to dismiss under rule 12(b)(6). See Boston Med. Ctr. Corp. v. Secretary of the Exec. Office of Health and Human Svcs., 463 Mass. 447, 450 (2012). To survive a motion to dismiss under Rule 12(b)(6), or an analogous motion for judgment on the pleadings under Rule 12(c), a complaint must allege facts that, if true, would “plausibly suggest an entitlement to relief.” Id.; accord Mullins v. Corcoran, 488 Mass. 275, 281 (2021)
 
                                                            -1-
 
(judgment on the pleadings); Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (dismissal under rule 12(b)(6)).
1. Statute of Frauds. Defendants contend that the claims for fraudulent inducement and breach of contract are barred by the statute of frauds (G.L. c. 259, § 1) because Curley’s alleged promise to work for Koch for 20 years was not in writing. 
Plaintiffs concede that the statute of frauds is implicated in this case because Curley allegedly entered into an oral “contract of employment for a definite period in excess of one year,” see Meng v. Trustees of Boston Univ., 44 Mass. App. Ct. 650, 652 (1998), and did so as part of a transaction to convey an interest in real estate, see G.L. c. 259, § 1, clause Fourth.
Nonetheless, there are several reasons why Defendants are not entitled to judgment on the pleadings concerning whether the statute of frauds bars the fraudulent inducement or breach of contract claims.
The statute of frauds does not bar the claim for fraudulent inducement because it is not a defense to a tort claim for intentional deceit. See Schleifer v. Worcester North Sav. Inst., 306 Mass. 226, 229–230 (1940). Count I does not seek to enforce the alleged contract. Instead, Koch and Nauticus seek recission of the contract as well as compensatory damages for Defendants’ alleged fraud.
Though the claimed damages for fraudulent inducement may be based in part on Curley’s failure to perform his alleged promise to continue working for Koch, if Plaintiffs can prove fraudulent inducement then Defendants would be “estopped from raising the Statute of Frauds as a defense.” Hurwitz v. Bocian, 41 Mass. App. Ct. 365, 370 (1996).
This latter point applies to the claim for breach of contract as well. If one person misleads another into thinking that they would accept an offer and perform the resulting contract, does so with intent that second person would change their position in reliance on that representation, and the second person does in fact do something or refrain from doing so in reliance on that representation, then the first person is estopped from asserting affirmative defense of statute of frauds. See Cellucci v. Sun Oil Co., 2 Mass. App. Ct. 722, 727–728 (1974); accord Barber v. Fox, 36 Mass. App. Ct. 525, 530 (1994).
The factual allegations in the complaint plausibly suggest that Koch and Nauticus relied to their detriment on Curley’s alleged promise to keep working for Koch for 20 years. If that can be proven at trial, then Defendants would also
 
                                                            -2-
 
be estopped from relying upon the statute of frauds as a defense to the contract claim. See Cellucci, supra; Davis v. Gratta, No. 07-P-624, 2008 WL 2200063, at *2 (Mass. App. Ct. May 29, 2008).
In any case, the statute of frauds “does not apply when there has been, as here, part performance … of an agreement.” Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 600 (2007); accord Nessralla v. Peck, 403 Mass. 757, 761 (1989). “This rule applies with particular force where the plaintiff has already provided consideration consisting, at least in part, of an interest in land.” Barber v. Fox, 36 Mass. App. Ct. 525, 530 (1994). Which is exactly what Koch and Nauticus allege happened here. Those allegations, if proven, are sufficient to take this case outside the scope of the statute of frauds.
2. Statute of Limitations. Defendants also contend that the fraudulent inducement claim is time-barred by the three-year limitations period for torts imposed by G.L. c. 260, § 2A. Defendants assert that this fraud claim accrued in December 2018 when Curley stopped working for Koch, and therefore is barred by the statute of limitations (even though by agreement the limitations period was tolled from April 26 to November 21, 2023). Plaintiffs filed this action December 4, 2023.
This argument fails because a fraud claim does not accrue until the plaintiff “learns or reasonably should have learned of the misrepresentation” by the defendant. See McEneaney v. Chestnut Hill Realty Corp., 38 Mass. App. Ct. 573, 577 (1995); accord Friedman v. Jablonski, 371 Mass. 482, 484-486 (1976); Kent v. Dupree, 13 Mass. App. Ct. 44, 47 (1982). This follows from the more general rule that a limitations period is tolled so long as a defendant fraudulently conceals its wrongdoing. See generally Hays v. Ellrich, 471 Mass. 592, 601–602 (2015); G.L. c. 260, § 12.
The fraudulent inducement claim did not accrue until Koch had reason to believe that Curley made a false promise in 2015 that he would continue working for Koch for the next 20 years. A fraud claim may be based on an allegedly false promise if “the promisor had no intention to perform the promise at the time it was made,” and the plaintiff relied to its detriment on the false promise. See Cumis Ins. Society v. BJ’s Wholesale Club, Inc., 455 Mass. 458, 474 (2009). However, an “intention not to perform a promise” cannot be inferred merely from later nonperformance. Galotti v. United States Trust Co., 335 Mass. 496, 501 (1957). Thus, Curley’s actions in December 2018 did not put
 
                                                            -3-
 
Koch on notice that Curley lied three years earlier when he allegedly promised to keep working for Koch through 2035.
Koch contends that he did not have any reason to suspect that Curley had made a false promise until May 2020, as a result of an internal review into Curley’s dealings. It does not matter whether the facts suggesting that the limitations period was tolled until then are fully fleshed out in the complaint, because “allegations relied on to toll the statute of limitations … need not be pleaded in a complaint.” Cannonball Fund,  Ltd.  v.  Dutchess  Capital  Management,  LLC,  84 Mass. App. Ct. 75, 90 (2013).
There is a second, related reason why the limitations period may have been tolled until Koch learned of Curley’s alleged false promise. Plaintiffs contend that Curley owed them a fiduciary duty of loyalty. “Where a fiduciary relationship exists” at the time of the alleged misconduct, as is alleged in this case, “the failure adequately to disclose the facts that would give rise to knowledge of a cause of action constitutes fraudulent conduct and is equivalent to fraudulent concealment.” Hays, 471 Mass. at 602, quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 519 (1997). That is because a fiduciary has an affirmative duty to disclose adequate information to alert the person to whom the duty is owed of any wrongdoing by the fiduciary. See Patsos v. First Albany Corp., 433 Mass. 323, 329 (2001).
Thus, where the defendant owed the plaintiff a fiduciary duty, as in this case, the statute of limitations is tolled as to any potential claim until the plaintiff gains actual knowledge “of the particular harm forming the basis for his or her claim;” knowledge of some other wrongdoing by the fiduciary is not relevant. Tocci v. Tocci, 490 Mass. 1, 13 (2022). In other words, the statute of limitations “is tolled until ‘the plaintiff has actual knowledge of the wrong giving rise to [their] cause of action.” Id. at 13, quoting Crocker v. Townsend Oil Co., 464 Mass. 1, 9 (2012). “Constructive knowledge is insufficient.” O’Connor v. Redstone, 452 Mass. 537, 552 (2008), quoting Lattuca v. Robsham, 442 Mass. 205, 213 (2004).
The allegations in the complaint plausibly suggest that the fraudulent inducement claim is not time barred because “the facts on which the cause of action is based,” including that in 2015 Curley had no intent to perform his promise to keep working for Koch for 20 years, “were not disclosed” and not discovered until long after Curley had breached that alleged promise. Cf. Demoulas, 424 Mass. at 519.
 
                                                            -4-
 
3. Unjust Enrichment Claim. Finally, Defendants contend that the unjust enrichment claim is barred because they entered into a contractual relationship. This issue cannot be resolved on a motion for judgment on the pleadings either.
“Ordinarily, a claim of unjust enrichment will not lie ‘where there is a valid contract that defines the obligations of the parties.’ ”Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 641 (2013), quoting Boston Med. Ctr., 463 Mass. at 467. That is because “[a] valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment.” Boston Med. Ctr. Corp., 463 Mass. at 467, quoting Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011).
Where there is a dispute as to whether the parties entered into a valid and binding contract, however, the plaintiff is entitled to assert a claim for unjust enrichment in the alternative to its claim for breach of contract. See Zelby Holdings, Inc. v. Videogenix, Inc., 92 Mass. App. Ct. 86, 93 (2017) (reversing dismissal of unjust enrichment claim); see generally Mass. R. Civ. P. 8(e)(2).
Since Defendants contend that the alleged contract is unenforceable under the statute of frauds, and Plaintiffs are seeking rescission, Koch and Nauticus are entitled to assert a claim for unjust enrichment in the alternative to their claim for breach of contract.  Cf.  Mike Glynn & Co. v. Hy-Brasil  Restaurants,  Inc.,   75 Mass. App. Ct. 322, 325 (2009) (where oral contract was unenforceable under statute of frauds, plaintiff could recover for unjust enrichment on theory of quantum meruit).
In sum, the facts alleged in the complaint plausibly suggest that Koch and Nauticus may be able to recover on an unjust enrichment theory.
ORDER
Defendants’ motion for partial judgment on the pleadings as to counts I, II, and III of the complaint (docket no. 23) is denied.